2014 VT 27

## In re Alvin Lee Stocks

[94 A.3d 1143]

No. 12-369

Present: **Reiber, C.J., Dooley, Skoglund, Robinson and Crawford, JJ.**

Opinion Filed March 21, 2014

*Allison N. Fulcher* of *Martin & Associates*, Barre, for Petitioner-Appellant.

*Ashley A. Harriman*, Windham County Deputy State's Attorney, and *Samantha Snow*, Law Clerk, Brattleboro, for Respondent-Appellee.

¶ 1. **Robinson, J.** Petitioner appeals from the superior court's order granting summary judgment to the State on his petition for post-conviction relief (PCR). He argues that the trial court did not comply with Vermont Rule of Criminal Procedure 11 in accepting his guilty pleas to various crimes. We reverse.

¶ 2. In June 2009 petitioner pled guilty to the following charges pursuant to a plea agreement: operation without consent of owner; driving under the influence, second offense; possession of marijuana; and domestic assault. In July 2011, petitioner filed a pro se PCR petition. Counsel was appointed and petitioner moved for summary judgment. Petitioner argued that the undisputed facts showed that the plea colloquy failed to comply with Rule 11(f) because the court did not sufficiently establish a factual basis for the pleas. Petitioner also asserted that the colloquy failed to comply with Rule 11(c)(1) because the court did not adequately explain the elements of the charge of operating without the consent of owner. The PCR court rejected petitioner's arguments and concluded that the State was entitled to summary judgment.

¶ 3. The undisputed facts, as reflected in the transcript of the plea colloquy, are as follows. At the change-of-plea hearing, the trial court engaged in a colloquy with petitioner after being

presented with his plea agreement. The court confirmed that petitioner had consulted with his attorney about the agreement, that he understood the rights he was giving up, that he was not under the influence of alcohol or drugs, and that he had not been coerced into the plea agreement. The court explained that if the case had gone to trial, the State would have had to prove each charge beyond a reasonable doubt and petitioner would have an opportunity to cross-examine the State's witnesses and to call his own witnesses and present any defenses. The court advised defendant that he was giving up his right against self-incrimination, and his right to appeal the court's decision.

¶ 4. The trial court then reviewed the charges individually. With respect to the charge of operating without owner's consent, the court and petitioner engaged in the following back-and-forth:

> THE COURT: On the operating without owner's consent, if that case had gone to trial, the State would have had to prove that at Guilford, on or about January 24th of this year, you acted knowingly — that means you acted with knowledge, not by mistake or accident — when you operated the motor vehicle of another person, and during the time you operated it, that vehicle was damaged by at least $500. Do you understand that?
>
> PETITIONER: Yes, ma'am.

¶ 5. With respect to the DUI charge, the court and petitioner had the following exchange:

> THE COURT: On the DWI in that case, the State would have to prove that also at Guilford, on or about January 24th, you operated a motor vehicle, you did that on a public highway, which was Route 5. At the time, you were under the influence of alcohol and that you were previously convicted of a DWI on May 2nd, 1999. Do you understand that?
>
> PETITIONER: Yes, ma'am.
>
> THE COURT: And the factual basis there is that the police officer had contact with you, you showed signs of being impaired, you admitted that you consumed alcohol, you had difficulty with the field sobriety tests, and the evidentiary breath tests show that you were above the legal limit. Do you understand that?

PETITIONER: Yes, ma'am.

¶ 6. Next, the court discussed the marijuana charge:

THE COURT: And on that same case, on the same day, the State would have to prove but this time in Brattleboro but on the same day that you possessed marijuana, and you did that knowingly, not by mistake or accident, and you did that unlawfully in violation of the law. Do you understand?

PETITIONER: Yes ma'am.

¶ 7. Finally, with respect to the domestic-assault charge, the court engaged in the following back-and-forth:

THE COURT: [I]f that had gone to trial, the State would have had to prove that on or about October 11th of last year at Brattleboro, you acted recklessly — that means you acted by disregarding the likely outcome of your conduct — and that you did cause bodily injury to a family or household member. Do you understand?

MR. STOCKS: Yes, Ma'am.

THE COURT: And Ms. Kryger [the state's attorney], what's the factual basis for that?

MS. KRYGER: The factual basis of that is that Mr. Stocks — just get the affidavit. The factual basis is that Mr. Stocks was sitting behind Krista Hazelton, who was his girlfriend or ex-girlfriend, that they had been in a relationship, he was sitting behind her in a car and — and put something around her neck and pulled and it — and it caused her pain.

THE COURT: Do you understand that, Mr. Stocks?

MR. STOCKS: Yes, ma'am.

¶ 8. In connection with each charge, the court also identified the penalties the court could impose, and petitioner affirmed his understanding of the penalty for each charge. After confirming that petitioner understood the elements and penalties associated with each charge, the court asked petitioner what he pled to the charges. Petitioner replied, "guilty." The court found that petitioner had entered into the plea voluntarily and knowingly with a

factual basis for the plea and entered a judgment of guilty on the plea.

¶ 9. In his motion for summary judgment in the PCR case, petitioner argued that the trial court's judgment, and the guilty plea upon which it was based, were fatally flawed in two ways. First, petitioner argued that the trial court failed to elicit from him the factual basis for the plea as required by Rule 11(f). Second, petitioner asserted that in listing the elements of operation without owner's consent, the trial court failed to specifically recite "lack of consent" as an element, thereby undermining the voluntariness of his guilty plea.

¶ 10. With respect to the first issue, the PCR court concluded that the plea colloquy substantially complied with Rule 11. See *State v. Cleary*, 2003 VT 9, ¶ 15, 175 Vt. 142, 824 A.2d 509 (explaining that when a collateral challenge is made to the validity of a plea under Rule 11, the reviewing court will "require only substantial compliance with the requirements of the rule"). The PCR court reasoned that the change-of-plea court made clear to petitioner the charges against him, the elements of those charges, and the underlying facts being alleged by the State to support the charges. Petitioner indicated that he understood each of the charges against him, and the penalties associated with them. After receiving and understanding all that information, petitioner pled guilty. The PCR court found this adequate to demonstrate that facts existed sufficient to support the charges against petitioner. With respect to petitioner's second argument, the PCR court concluded that the change-of-plea court's description of the charge as "operating without owner's consent" was sufficient to convey to petitioner that an element of the charge is that the operation occur without the owner's consent. Accordingly, the court granted summary judgment to the State. Petitioner renews his arguments on appeal.

¶ 11. We review the court's summary decision de novo, applying the same standard as the trial court. *Sabia v. Neville*, 165 Vt. 515, 523, 687 A.2d 469, 474 (1996). Summary judgment is appropriate when there are no genuine issues of material fact, and any party is entitled to judgment as a matter of law. V.R.C.P. 56(a), (f).

¶ 12. ■ Vermont Rule of Criminal Procedure 11(f) provides, "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such

inquiry as shall satisfy it that there is a factual basis for the plea." This rule

> is intended to prevent the entry of false guilty pleas in situations where the defendant does not completely understand the elements of the charge or realize that [he or she] has a valid defense, where the defendant is pleading guilty because of psychiatric disturbance or like incompetency, or where the defendant is deliberately pleading guilty to shield an innocent person.

Reporter's Notes, V.R.Cr.P. 11(f).

¶ 13. ■ ■ The "factual basis" requirement reinforces the goal of ensuring knowing and voluntary pleas. See *In re Miller*, 2009 VT 36, ¶ 9, 185 Vt. 550, 975 A.2d 1226 (requirement prevents false guilty pleas in situations where, for example, the defendant does not completely understand the elements of the charge or recognize a defense); *State v. Whitney*, 156 Vt. 301, 303, 591 A.2d 388, 389 (1991) (explaining that Rule 11(f) inquiry is meant to address the voluntariness of a plea). But Rule 11(f) promotes this ultimate goal through a path that is distinct from the other provisions of Rule 11 relating to the voluntariness of the plea. In particular, Rule 11(f) ensures that even a plea entered voluntarily without force or threat, see V.R.Cr.P. 11(d), and with full understanding of the elements of the charge, the potential penalties, and rights waived, see V.R.Cr.P. 11(c), is warranted by underlying facts. Rule 11(g), which requires a record of the proceedings at which a defendant enters a plea, reinforces the independent significance and purpose of the "factual basis" inquiry. That provision requires that the record include "the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, *and* the inquiry into the *accuracy* of a guilty plea." V.R.Cr.P. 11(g) (emphasis added).

¶ 14. ■ We discussed the requirements of Rule 11(f) in detail in the case of *State v. Yates*, 169 Vt. 20, 726 A.2d 483 (1999). In that case, the defendant had been charged with two assaults — one against his then-wife, and the other against her friend. In the Rule 11 plea colloquy, the court elicited the defendant's account of the altercation with the friend but did not ask the defendant about the assault of his then-wife. We held, "This failure to question [the] defendant as to the factual basis with respect to the

aggravated domestic assault charge is a substantial — in fact, total — violation of Rule 11(f)." *Id.* at 24, 726 A.2d at 486. We explained that "[w]hile the court may obtain facts from other sources, including the prosecutor and the presentence report, ultimately, the court's inquiry into the accuracy of the plea must be addressed personally to the defendant." *Id.* (citation omitted). Reviewing our prior decisions concerning Rule 11(f), we concluded, "While few Vermont cases have turned on an interpretation of Rule 11(f), those that have consistently require that the defendant admit to *and* possess an understanding of the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded." *Id.* (emphasis added); see also *In re Kasper*, 145 Vt. 117, 120, 483 A.2d 608, 610 (1984) ("The record must reveal that the elements of each offense were explained to the defendant *and* that a factual basis for each element was admitted." (emphasis added)).

¶ 15. ▪ We do not require a particular formula for determining that there is a factual basis for the plea. An admission to the facts by the defendant in the course of the colloquy is usually sufficient. A recital of the facts by the prosecutor together with a statement by the defendant confirming their accuracy would also satisfy the rule. What is principally required — and what was missing in this case — is evidence of a specific inquiry by the judge into the factual basis for the plea.

¶ 16. In this case, the change-of-plea court sufficiently described the elements of the charges against petitioner, and the underlying facts alleged, and appropriately ensured that petitioner understood the charges. With the exception of petitioner's specific claim concerning the court's description of the charge of operating without the owner's consent, which we do not reach, there is no question that the plea colloquy satisfied Rules 11(c) and 11(d). The question for this Court is whether the record of the plea colloquy supports the change-of-plea court's finding of a factual basis for the charge pursuant to Rule 11(f).

¶ 17. Although the court asked petitioner if he understood the charges against him and, in connection with some charges, whether he understood the alleged factual basis for the charge, the court never asked him if he admitted the truth of the allegations, nor whether the State could prove the underlying facts. The court never asked him to describe the facts giving rise

to the charges in his own words, and never sought any other admissions from him to support the conclusion that the guilty pleas had a factual basis. The court did not elicit from petitioner any information to support the finding of a factual basis. Petitioner confirmed his understanding of the charges but, apart from the actual guilty pleas themselves, admitted nothing.

¶ 18. ▆▆ With respect to the DUI charge, the trial court did review the facts set forth in the officer's affidavit on the record in its colloquy with petitioner. Likewise, in connection with the domestic-assault charge, the trial court invited the State to read from an affidavit supporting the charge. However, we have held that although "an affidavit may be a source of facts to support the plea . . . the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis." *Yates*, 169 Vt. at 27, 726 A.2d at 488. As noted above, apart from his guilty plea, defendant admitted nothing. Although he acknowledged that he understood the allegations reflected in the charges, he never affirmed that they were true.

¶ 19. The State emphasizes the pains taken by the trial court to ensure that petitioner understood the factual and legal basis for the charges against him. It argues — and the PCR court concluded — that because the trial court clearly explained the factual and legal bases for the charges, petitioner indicated he understood them, and petitioner then pled guilty to those charges, the "factual basis" requirement was satisfied.

¶ 20. ▆▆▆ This argument fails for several reasons. First, it effectively reads the distinct "factual basis" requirement of subsection (f) out of Rule 11 by suggesting that a factual basis can be inferred from a knowing and voluntary guilty plea with no additional inquiry. If a defendant's understanding of the facts and law underlying the charges to which the defendant pleads were tantamount to a factual basis for the charges, Rule 11(f) and the part of Rule 11(g) requiring a record of the court's inquiry into the "accuracy of a guilty plea" would be superfluous. Second, it fails to recognize the structure of Rule 11. Rule 11 requires that the court, prior to accepting a guilty plea, apprise a defendant of the nature of the charges, the penalties for such charges, and the rights a defendant is giving up, and that the court ask about the voluntariness of the plea. V.R.Cr.P. 11(c), 11(d). Rule 11 also requires, in a separate subsection, that the court make "such

inquiry as shall satisfy it that there is a factual basis for the plea" before entering judgment on that plea. V.R.Cr.P. 11(f). The structure of the rule reinforces that the factual-basis conversation is distinct from the understanding-the-elements and voluntariness inquiries. Third, it ignores our prior guidance that a defendant's *understanding* of the charges and *admissions* providing a factual basis for the charges are distinct requirements. *Yates*, 169 Vt. at 28, 726 A.2d at 488; *In re Kasper*, 145 Vt. at 120, 483 A.2d at 610. We have emphasized that a court must inquire into the accuracy of the charge to which a defendant pleads by personally addressing the defendant. *Yates*, 169 Vt. at 25, 726 A.2d at 487. And we have explained that "[t]he requirement that the record affirmatively show facts to satisfy each element of the offense is . . . absolute." *Miller*, 2009 VT 36, ¶ 11. Accordingly, we conclude that the guilty plea in this case, entered after a sufficient explanation of the facts and law supporting the charges against petitioner, was not, in itself, sufficient to satisfy the requirements of Rule 11(f).

¶ 21. ▪ ▪ The State also argues that petitioner has failed to show prejudice from what the State describes as a "technical violation." We have recently reiterated, "It is settled law in this state that no prejudice need be shown to collaterally attack a guilty plea on the grounds that the trial court failed to ascertain that there was a factual basis for the plea as required by Rule 11(f)." *Id.* ¶ 9. In *Miller*, we quoted prior case law, explaining:

> "[T]he record must affirmatively show sufficient facts to satisfy each element of an offense. The requirement of [Rule] 11(f) involves an understanding by the defendant that the conduct admitted violates the law as explained to him by the court. Absent this, no matter how perfectly the other parts of Rule 11 have been observed, we cannot find a voluntary plea. Unlike collateral review of alleged defects under [Rule] 11(c), which places a burden of proving prejudice upon the defendant, collateral attacks for defects under Rule 11(f) require no showing of prejudice."

*Id.* ¶ 11 (quoting *In re Dunham*, 144 Vt. 444, 451, 479 A.2d 144, 148 (1984)).

¶ 22. For the above reasons, we reverse the trial court's denial of petitioner's motion for summary judgment and its award of summary judgment to the State.[*]

*Reversed and remanded for entry of a judgment allowing petitioner to withdraw his plea.*

---

[*] Because we reverse and award summary judgment to petitioner on the basis of petitioner's Rule 11(f) argument, we need not reach his alternate challenge to the plea colloquy.