*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-236

APRIL TERM, 2014

| | | |
|---|---|---|
| Leroy Goodwin | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Civil Division |
| | } | |
| Andrew Pallito | } | DOCKET NO. 290-6-11 Wrcv |

Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Petitioner appeals pro se from the trial court's order granting summary judgment to the State on his petition for post-conviction relief (PCR). We affirm.

Petitioner commenced this action in June 2011 and moved for the appointment of a legal expert. The court granted petitioner's request in December 2011, and directed petitioner to identify his expert witness and the amount of the expert's fees by January 15, 2012. Petitioner failed to comply with this deadline. Nevertheless, at petitioner's request, the court extended the deadline to July 6, 2012. On that date, petitioner informed the court that he would not retain an expert witness, and he asked the court to set the matter for a merits hearing.

The State subsequently filed a motion for summary judgment accompanied by a statement of undisputed material facts. Petitioner did not file a timely response to the summary judgment motion. Instead, after the deadline had expired, petitioner requested additional time to respond. The court granted petitioner's request. Several weeks later, petitioner informed the court that he now wanted to hire an expert. The court gave petitioner until October 5, 2012 to respond to the motion for summary judgment, and it indicated that petitioner was free to retain a legal expert at his own expense and to include any expert opinions that he might obtain in his response to the summary judgment motion. In mid-September, petitioner filed a response to the summary judgment motion. The response did not include any expert opinions regarding the standard of care applicable to the attorneys who represented him in his criminal case.

The basic relevant facts are undisputed. In May 2006, petitioner was charged with two counts of first-degree aggravated domestic assault and one count of domestic assault. Counsel was appointed for petitioner. At his arraignment, petitioner was held without bail. Various motions were subsequently filed by trial counsel and denied. Trial began in September 2006, but a mistrial was declared. Trial was then postponed numerous times due to requests from both the State and petitioner's counsel. Petitioner's first attorney withdrew in late 2006, and a new attorney was appointed. This attorney also withdrew and was replaced by new counsel in early 2007. Petitioner's third attorney also withdrew, and a fourth attorney was appointed.

In May 2007, petitioner pled guilty to one count of first-degree aggravated domestic assault pursuant to a plea agreement. He was sentenced consistently with the plea agreement to

incarceration for two to ten years, all suspended except one year to serve with credit for time served. Petitioner was placed on probation. In July 2010, petitioner pled guilty to a probation violation pursuant to a plea agreement. The court accepted the plea and admission of guilt, revoked probation and imposed the underlying sentence of two to ten years with credit for time served.

Turning to the instant PCR petition, the court found that petitioner sought post-conviction relief on various grounds, all of which boiled down to an allegation that his trial attorneys had not acted competently. The court found that all of these claims failed because petitioner was obligated, and had failed, to present expert testimony to show that conduct of his lawyers fell below the applicable standard of care for criminal defense lawyers. In the absence of admissible evidence in the form of an expert report or expert testimony that petitioner's lawyers fell below the applicable standard of care in their representation of petitioner, and in the absence of expert testimony that the outcome of the case would likely have been more favorable to petitioner had his attorneys handled the case differently, the court found that petitioner could not make out the essential elements of his claims. The court thus granted summary judgment to the State. This appeal followed.

Petitioner raises numerous arguments on appeal. According to petitioner, his ineffective-assistance-of-counsel claims are a "by-product" of his claims that his due process and other constitutional rights were violated. He focuses on the fact that he was held without bail. He cites language from a speedy trial motion filed by one of his trial attorneys, suggesting that counsel's argument shows that he was denied his right to a speedy trial and that he suffered prejudice as a result. He asserts that counsel's arguments constitute an "expert opinion" for purposes of his PCR showing that he received ineffective assistance of counsel. Petitioner also argues that the trial court erred in holding him without bail in his criminal case, and he faults his trial attorneys for either making a "meaningless effort" to have him released on bail or for withdrawing from representing him due to his insistence that counsel file bail requests. He also appears to raise other challenges to his trial counsels' performance, such as their decisions to withdraw from the case (and the court's allowance of their requests). Petitioner suggests that his guilty plea was coerced because he was being held without bail. Additionally, petitioner asserts that the court ignored two constitutional claims that he raised, which appear to be claims that counsel refused to protect his fundamental rights and that the trial court and this Court denied him the benefit of a presumption of innocence, equal protection, and otherwise violated his rights in holding him without bail. Finally, he asserts that the trial court did not follow Vermont Rule of Criminal Procedure 11 in accepting his guilty plea.

We review the court's summary judgment decision de novo, using the same standard as the trial court. In re Barrows, 2007 VT 9, ¶ 5, 181 Vt. 283. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id.; V.R.C.P. 56(a). With two exceptions discussed below, we agree with the trial court that all of petitioner's claims turn on an allegation that he received ineffective assistance of counsel. Petitioner failed to provide the expert evidence necessary to support such claims. Petitioner's remaining claims fail as a matter of law. We thus conclude that summary judgment was properly granted to the State.

We begin with the ineffective-assistance-of-counsel claim. A petitioner claiming ineffective assistance of counsel must show that: "(1) his counsel's fell below an objective standard of performance informed by prevailing professional norms; and (2) there is a reasonable

probability that, but for counsel's unprofessional errors, the proceedings would have resulted in a different outcome." In re Grega, 2003 VT 77, ¶ 7, 175 Vt. 631. "Only in rare situations will ineffective assistance of counsel be presumed without expert testimony." Id. ¶ 16.

We agree with the trial court that most of petitioner's arguments can be characterized as ineffective-assistance-of-counsel claims. As recounted by the PCR court, this includes petitioner's assertions that: each of his lawyers failed to prepare his case for trial; they failed to put the State to its proof by filing motions to dismiss; they failed to object to the imposition of the order that he be held without bail; failed to file motions for bail review; failed to file motions seeking dismissal of the charges on speedy trial grounds; misrepresented to the court that petitioner agreed to the postponement of a hearing; negligently and improperly advised him to plead guilty even though he maintained his innocence; and coerced him into pleading guilty. Petitioner's complaints about his attorneys' decisions to withdraw also fall within this category.

As the PCR court found, petitioner failed to provide the necessary expert testimony to support such claims. Most of petitioner's claims concern trial strategy, including counsels' decisions to file, or not file, certain motions or challenges to the bail decision. Without expert testimony, a court cannot discern if the lawyer exercised "that degree of care, skill, diligence and knowledge commonly possessed and exercised by reasonable, careful and prudent lawyers in the practice of law in this jurisdiction." Id. ¶ 7 (quotation omitted). The fact that one of petitioner's trial attorneys filed a motion alleging that petitioner's speedy trial rights were violated is not "expert testimony" that provides the proof necessary to support petitioner's claims. Petitioner failed "to make a showing sufficient to establish the existence of an element essential to his case and on which he has the burden of proof at trial," Poplaski v. Lamphere, 152 Vt. 251, 254-55 (1989) (quotation omitted), and summary judgment was properly granted to the State on the ineffective-assistance-of-counsel claims.

Petitioner's argument that the trial court erred in denying bail is an argument that must be raised in a direct appeal from the bail decision, not through a PCR. See In re Koveos, 2005 VT 28, ¶ 6, 178 Vt. 485 (explaining that "post-conviction relief is not a substitute for appeal, but rather a limited remedy requiring petitioner to demonstrate by a preponderance of the evidence that fundamental errors rendered his conviction defective"). In fact, this argument was raised on appeal from the hold-without-bail order, and it was rejected by this Court. See State v. Goodwin, Docket No. 2006-359, 2006 WL 5849671 (Vt. June 2006). Petitioner was lawfully held without bail, and the fact that he was incarcerated does not show that he was "coerced" into pleading guilty.[*]

Finally, it does appear that the PCR court overlooked petitioner's argument that the trial court violated Rule 11 in conducting the 2007 plea colloquy. This argument was raised in petitioner's petition and in his response to the motion for summary judgment. Nonetheless, the undisputed facts offer no support for petitioner's claim. Petitioner alleges that the trial court

---

[*] In his oral argument, petitioner argued that the refusal to grant bail was unconstitutional because Chapter II, § 40 of the Vermont Constitution allows a total denial of bail only when a defendant is charged with a crime punishable by life imprisonment. In fact, petitioner was held without bail under the 1994 Amendment to § 40, which allows denial of bail in the case of certain felonies. See Vt. Const. ch. II, § 40(2) (providing that "[a] person accused of a felony, an element of which involves an act of violence against another person, may be held without bail" under certain circumstances).

violated Rule 11(f) because it did not personally inquire or ask him what "actually happened" in his own words. He argues that there is no factual basis in the record for the charge to which he pled guilty. He asserts that the use of the words "on or about" as to the date of the charged conduct is "speculative at best." He maintains that he denied engaging in the charged conduct at the change-of-plea hearing.

The record shows that the court complied with Rule 11(f) in taking petitioner's plea. See State v. Cleary, 2003 VT 9, ¶ 15, 175 Vt. 142 (explaining that when a collateral challenge is made to the validity of a plea under Rule 11, the reviewing court will "require only substantial compliance with the requirements of the rule"). Rule 11(f) states that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The rule is "intended to prevent the entry of false guilty pleas in situations where the defendant does not completely understand the elements of the charge or realize that [he or she] has a valid defense, where the defendant is pleading guilty because of psychiatric disturbance or like incompetency, or where the defendant is deliberately pleading guilty to shield an innocent person." Reporter's Notes, V.R.Cr.P. 11(f). "The 'factual basis' requirement reinforces the goal of ensuring knowing and voluntary pleas." In re Stocks, 2014 VT 27, ¶ 13.

We have explained that "[w]hile the court may obtain facts from other sources, including the prosecutor and the presentence report, ultimately, the court's inquiry into the accuracy of the plea must be addressed personally to the defendant." State v. Yates, 169 Vt. 20, 24 (1999) (citation omitted). "We do not require a particular formula for determining that there is a factual basis for the plea," and "[a]n admission to the facts by the defendant in the course of the colloquy is usually sufficient." In re Stocks, 2014 VT 27, ¶ 15. The court here was not required to ask petitioner to explain what "actually happened in his own words," as petitioner here contends.

The record shows that petitioner admitted to the facts advanced by the State here. Petitioner agreed to plead guilty to one count of aggravated domestic assault in violation of 13 V.S.A. § 1043(a)(1). That statute provides that "[a] person commits the crime of first degree aggravated domestic assault if the person . . . attempts to cause or wilfully or recklessly causes serious bodily injury to a family or household member." The record indicates the following exchange with respect to ascertaining the factual basis for petitioner's plea:

> THE COURT: All right. To the charge which is count 2 of the information that on or about April 28 of 2006 you recklessly caused serious bodily injury to a family or household member by strangulating Geraldine Goodwin, what is your plea sir?
>
> [PETITIONER]: Guilty.
>
> THE COURT: Mr. Lopez [(the prosecuting attorney)], what would the State be prepared to show if this matter went to trial?
>
> THE STATE: Your Honor, the State's evidence would show that on or about April 28 of 2006 at Springfield, [petitioner] recklessly caused serious bodily injury to a family or household member, that being Geraldine Goodwin who is a family or household member [by] virtue of marriage to [petitioner], and that he did so by

4

strangulating her to the point of unconsciousness in violation of the law.

THE COURT: [Petitioner], are the facts correct as outlined by the Deputy State's Attorney?

[PETITIONER]: Yes.

THE COURT: I'll find that there's a factual basis for the plea, it's made with knowledge of the consequences of the plea, that it's voluntary on your part and it's . . .

At that point, petitioner interjected, stating "I can't do it, I'm sorry, I won't, I can't. I'm not guilty and I'm not going to do it, no I didn't do it. I can't do it. I'm sorry, Your Honor, I hate to waste the court's time, but I've been coerced into having to do this because I spent the last year in jail, and the only way I can get out of here is to say I did it." The following exchange then occurred:

THE COURT: All right, well, if you don't feel you did it, then you shouldn't be saying you did.

[PETITIONER]: I have no—I have no liberty in this state, in this court. I have not been able to have any liberty, and I'm sorry.

THE COURT: I don't want you pleading guilty to something that you say that you didn't do. All right. [Defense counsel,] do you want to talk with your client or no?

[Pause]

THE COURT: All right, [defense counsel], before we continue with any further colloquy with [petitioner], the court is prepared to afford you the opportunity to speak outside of the court's presence and in a conference room with your client or in the back with your client, if you would like that opportunity.

[PETITIONER]: That wouldn't be necessary, Your Honor.

[DEFENSE COUNSEL]: I think we're set, Your Honor.

THE COURT: Okay. All right, [petitioner], you indicated a moment ago that you wanted to not go forward. What is your position, sir?

[PETITIONER]: I would like to go forward with this.

THE COURT: All right. And are you prepared to admit the facts that were outlined by the Deputy State's Attorney?

[PETITIONER]: Yes, sir.

5

THE COURT:  Are you sure about that?

[PETITIONER]:  Yes, sir.

THE COURT: All right.  I'll find that the plea that you've made is voluntary, it's made with a factual basis, it's made with the knowledge and understanding of the consequences, and it's made after a knowing waiver of your constitutional rights.  On your plea of guilty to count 2 of the information, we'll enter an adjudication of guilty.

Whatever reservations petitioner may have had, he overcame them after discussion with his attorney and admitting to the State's facts.  The use of the words "on or about" with respect to the date of the crime was not error.  We note, moreover, that petitioner also stated to the court that no one had made any promises to him or threatened him into pleading guilty, that he had discussed his decision with his attorney, and that his decision to plead guilty was voluntary.  The court's colloquy here plainly satisfied the rule, and petitioner's claim of a Rule 11 violation fails as a matter of law.  Given this and the deficiency of evidence as to petitioner's remaining claims, the court properly granted summary judgment to the State on the PCR petition.  We have considered all of petitioner's arguments and find them all without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

6