# ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-056

OCTOBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Timothy Snyder | } | DOCKET NO. 1365-12-13 Bncr |

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Defendant appeals his sentence following his guilty plea to aggravated sexual assault. On appeal, defendant argues that he was sentenced under a statute that did not exist at the time of the offense and requests that the matter be remanded for resentencing pursuant to the statute that was in effect at the time of his offense. The State acknowledges that defendant was charged, convicted, and sentenced pursuant to a statute that did not apply at the time of the offense and argues that the judgment pursuant to defendant's plea should be vacated as lacking factual basis, and that the matter should be remanded for trial. We agree, vacate the judgment of conviction, and remand for further proceedings.

This appeal arises from defendant's abuse of his daughter, born in June 1989. The State initially filed two aggravated assault charges, the first for engaging in repeated sexual assaults between January 1, 1995 and June 18, 2007, pursuant to a common scheme and plan.[*] The second charge was aggravated sexual assault pursuant to 13 V.S.A. § 3253(a)(8) for engaging in a sexual act "with the victim who was under the age of 13" while defendant was at least 18 years of age. Defendant reached an agreement with the State whereby he agreed to plead guilty to the second charge and the State agreed to dismiss the first charge. At the plea colloquy, to establish a factual basis for the charges, defendant agreed that at least some sexual acts, including penile-vaginal sex, took place when the victim was under the age of thirteen and defendant was over the age of eighteen. Following a contested sentencing hearing, defendant was sentenced to thirteen years to life for the charge pursuant to § 3253(a)(8), and the court dismissed the second charge.

On appeal, defendant argues that the statute he was sentenced under was not the one in effect at the time of his acts and that the matter should be remanded for resentencing. The charge in question alleged that defendant violated 13 V.S.A. § 3253(a)(8). This statute currently states that an aggravated sexual assault occurs if "the victim is under the age of thirteen and the actor over the age of eighteen." The charge has a mandatory minimum sentence of ten years and a maximum of life. The current version of the statute went into effect in 2006. Prior to that

---

[*] The information cited 13 V.S.A. § 3253(a)(9), which provides that the crime of aggravated sexual assault occurs if the defendant subjects the victim to repeated nonconsensual sexual acts as part of a common scheme and plan.

time, the victim had to be under ten and there was no mandatory minimum sentence. See 2005, No. 192 (Adj. Sess.), § 10. Defendant could not have violated the current version of the statute because the victim turned thirteen in 2002—four years before the current version of the statute went into effect.

Defendant contends, however, that there was a factual basis for his plea because the facts demonstrate that he violated the prior version of the statute. The victim was under the age of ten in 1997 and 1998 and defendant agreed at the change-of-plea hearing that some of the sexual acts occurred at that time. Therefore, defendant argues that the plea must stand, and the matter must be remanded for resentencing because there was no mandatory minimum under the version of the statute in effect at the time of his alleged offense.

The State agrees that there was an error, but asserts that the matter cannot be simply resentenced because there was no factual basis for the plea that was made. Instead, the State argues that the plea should be revoked for lack of a factual basis and the matter remanded for further proceedings, including an opportunity for the State to amend the charges.

There were essentially two errors involved in defendant's plea and sentencing. He was sentenced pursuant to a range not in effect at the time he committed the crime and he pled to a charge that lacked a factual basis. Neither of these errors was raised below, and therefore we review them for plain error. "Plain error can be found only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." State v. Brandt, 2012 VT 73, ¶ 25, 192 Vt. 277 (quotation omitted).

Defendant focuses on the first error, alleging he was sentenced by the trial court with the assumption that the charge he pled to carried a ten-year minimum when the statute in effect at the time of his offense carried no minimum term, and requests resentencing. The U.S. Supreme Court has explained that a violation of the Ex Post Facto Clause occurs when a defendant is sentenced pursuant to a sentencing law passed after his offense occurs if the new law presents "a sufficient risk of increasing the measure of punishment attached to the covered crimes." Peugh v. United States, 133 S. Ct. 2072, 2089 (2013) (Thomas, J., dissenting in part and concurring in part) (quoting California Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995)). Increasing the applicable sentence from no minimum to a ten-year minimum created such a risk for defendant, and amounted to plain error. See Peugh, 133 S. Ct. 2072, 2084 (holding that application of higher sentencing guideline calculation violated Ex Post Facto Clause because it created "a significant risk" of higher sentence even if guideline was not mandatory). If this were the sole error, there might be grounds to support defendant's assertion that the matter should be remanded for resentencing under the sentence range applicable at the time of defendant's crime.

There remains, however, the second error. Vermont Rules of Criminal Procedure 11(f) provides, "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." This rule is designed to prevent the entry of false guilty pleas. Reporter's Notes, V.R.Cr.P. 11(f). Although the rule promotes the goal of ensuring the voluntariness of a plea, it does so "through a path that is distinct from the other provisions of Rule 11 relating to the voluntariness of the plea." In re Stocks, 2014 VT 27, ¶ 13, 196 Vt. 160. "In particular, Rule 11(f) ensures that even a plea entered voluntarily without force or threat, see V.R.Cr.P. 11(d), and with full understanding of the elements of the charge, the potential penalties, and rights waived, see V.R.Cr.P. 11(c), is warranted by underlying facts." Id. In this case, no factual basis

was established, or could have been established, to demonstrate that defendant violated the statute to which he pled guilty. That statute was not in effect at the time of the offense that he admitted. Under these circumstances, the trial court's judgment of conviction amounts to plain error. Given that the underlying plea agreement and judgment lacks a factual basis, it must be vacated.

The judgment of conviction is vacated. The matter is remanded for further proceedings consistent with this decision.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice