*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>ENTRY ORDER</u>

SUPREME COURT DOCKET NO. 2016-180

OCTOBER TERM, 2016

| | |
|---|---|
| In re Raymond G. Earle | APPEALED FROM: |
| | Superior Court, Lamoille Unit, Civil Division |
| | DOCKET NO. 250-11-13 Lecv |
| | Trial Judge: Dennis R. Pearson |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from the superior court's decision denying his motion for summary judgment and granting summary judgment to the State with respect to his petition for post-conviction relief (PCR) alleging that the trial court violated Vermont Rule of Criminal Procedure 11(f) in accepting his plea of guilty to a charge of grand larceny. We reverse the superior court's decision and remand the matter for the court to enter a judgment allowing petitioner to withdraw his guilty plea.

In 2012, the State charged petitioner with grand larceny, in violation of 13 V.S.A. § 2501, and felony unlawful mischief, in violation of 13 V.S.A. § 3701(a). The State alleged that petitioner had logged property without the permission of the property's owner. Petitioner initially pleaded not guilty to the charges. In April 2013, pursuant to a plea bargain, petitioner agreed to plead guilty to the grand larceny charge with a sentence of two-to-five years to serve, and the State agreed to withdraw the unlawful mischief charge. Following the colloquy at the change-of-plea hearing, the trial court accepted the plea and sentenced petitioner to two-to-five years to serve.

In November 2013, seven months after sentencing, petitioner filed a pro se PCR petition. The petition as amended by petitioner's counsel alleged that at his change-of-plea hearing, the trial court misstated the mental element of grand larceny such that petitioner never admitted to the factual basis for that element. The State did not file an opposition to the motion or a cross-motion for summary judgment. Taking the matter under advisement, the superior court denied petitioner's motion for summary judgment and granted summary judgment to the State. According to the court, the colloquy at the change-of-plea hearing demonstrated that petitioner personally acknowledged that he did not have permission to remove the trees, that he was across the boundary line, and that the trees he removed came from the owner's property. On appeal, petitioner renews his argument that the trial court violated Rule 11(f) by misstating the mens rea element of grand larceny and accepting his plea despite his denial that he acted knowingly.

We review the superior court's summary judgment decision de novo, applying the same standard as that applied by the superior court. In re Stocks, 2014 VT 27, ¶ 11, 196 Vt. 160. "Summary judgment is appropriate when there are no genuine issues of material fact, and any party is entitled to judgment as a matter of law." Id. "On a petition for post-conviction relief, the

petitioner has the substantial burden of proving by a preponderance of the evidence, that fundamental errors rendered his conviction defective." In re Grega, 2003 VT 77, ¶ 6, 175 Vt. 631 (mem.) (quotation omitted).

Grand larceny is defined as stealing property valued at more than $900 "from the actual or constructive possession of another, other than from that his or her person." 13 V.S.A. § 2501. The property must be taken "from one in lawful possession without right, with the intention to keep it wrongfully." State v. Reed, 127 Vt. 532, 538 (1969). "Larceny specifically requires an intent to steal at the very moment the property in question is taken into possession by the defendant." State v. Hanson, 141 Vt. 228, 232 (1982). "When the taking is admitted, . . . innocence or guilt can only be found in the state of the trespasser's mind," and "the question of criminal intent is for the jury to consider according to all circumstances brought before them." Reed, 127 Vt. at 538. "The taking of another's property in good faith, by inadvertence or mistake, may be wrongful; it may amount to a conversion or trespass, but it does not constitute larceny." Id.

The following colloquy occurred during the change-of-plea hearing as to whether defendant conceded that there was a factual basis for the charge:

> COURT: All right. The factual basis here?
>
> PROSECUTOR: Your Honor, [petitioner], on or about November of 2011 through sometime in March 2012, went onto the property of [the owner] and, without authority, logged a substantial amount of trees, the aggregate value of which was . . . in excess of 900 dollars making this a felony and a grand larceny.
>
> He had no authority to do that, had no reason to believe he had such authority and no intent to return the trees to the owner (indiscernible).
>
> DEFENSE COUNSEL: He had a contract to do logging on an adjoining piece of property—
>
> PROSECUTOR: Right.
>
> DEFENSE COUNSEL: —and the allegation is he took 114 or 112 trees off the [owner's] property. . . . [Petitioner] has maintained that the boundary between the two properties was not easily distinguishable. However, the State has testimony that they would present that there were markings on the boundary and that [petitioner] would have known that he was crossing into them. That would be the issue at trial.
>
> [Petitioner] has decided to waive that issue in return for the concurrent plea.
>
> . . .
>
> COURT: All right. [Petitioner], you agree with what your attorney has just stated?

2

PETITIONER: Yeah

COURT: All right. So I'm looking at the affidavit, and it does say that there was a dispute but that—according to [the owner] anyway that the trees were blazed and there was orange survey tape. It may have been a year old or so and faded somewhat, but I have some familiarity with logging and blazing of trees, and if you're looking for it, you'll find it, and you're an experienced logger, so I would expect you would have that ability as well.

So the factual basis is here to establish the factual basis for the elements of the crime. The question is whether or not you wish to admit that you either were aware or you certainly should have been aware that you were on somebody else's property and you were taking these trees.

PETITIONER: Yeah. I mean, yeah, I just want to get this out of the way.

COURT: Well, I understand that, but that's not what I'm asking you. What I'm asking you is whether or not you had the knowledge or should have had the knowledge that you were taking trees that you didn't have a right to take because they were on somebody else's land.

PETITIONER: I guess I should have known, yes. I should have looked more carefully somehow but—

DEFENSE COUNSEL: Should have used more diligence before he went—he knew he was—he has told me he knew he was getting close to the edge. He should have spent a little more time trying to figure out where the edge was before he crossed it.

COURT: All right. I guess I can accept that. I mean, the reverse of what I—or the flip side of what I just asked you is that if you have a contract to take timber on someone's land, then you have a duty to figure out where their land begins and where it ends, and if you didn't comply with that duty, you can be criminally liable.

PETITIONER: Right.

COURT: Okay

DEFENSE COUNSEL: According to the videotape, the screen—of the thing, the trees taken were not right down the line, the tree taken were well within the [owner's] property.

COURT: So I suspected. Is that true?

PETITIONER: Yeah, they were. I mean, it came after that Hurricane Irene, and it was a struggle to get through there.

3

COURT: So were you well onto the [owner's] property?

PETITIONER: Yeah, we got in there, a ways in there, yeah.

. . .

COURT: . . . and the State would have to prove beyond a reasonable doubt that you had the intent of taking trees that were not on the property you had on the contract. Okay? They have an obligation if you wanted a trial in the matter. Do you understand that?

PETITIONER: Yeah.

COURT: Okay. Do you want a trial in this matter?

DEFENDANT: No.

. . .

COURT: And you did not have a right to remove those trees; is that correct?

DEFENDANT: Yeah.

COURT: Okay. Then I'll accept your guilty plea.

Petitioner argues that this colloquy does not satisfy Rule 11(f) because the trial court misstated the correct mens rea element and he denied that he acted knowingly. We agree.

Rule 11(f) provides that the trial court should not enter a judgment upon a plea of guilty "without making such inquiry as shall satisfy it that there is a factual basis for the plea." In relevant part, this rule "is intended to prevent the entry of false guilty pleas in situations where the defendant does not completely understand the elements of the charge or realize that he [or she] has a valid defense." Reporter's Notes, V.R.Cr.P. 11(f). Our case law requires "that the defendant admit to and possess an understanding of the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded." State v. Yates, 169 Vt. 20, 24 (1999). "The requirement that the record affirmatively show facts to satisfy each element of the offense is . . . absolute." In re Miller, 2009 VT 36, ¶ 11, 185 Vt. 550. In short, "[t]he requirement of Rule 11(f) involves an understanding by the defendant that the conduct admitted violates the law as explained to him by the court." In re Dunham, 144 Vt. 444, 451 (1984).

In this case, petitioner initially agreed with his attorney's statement at the change-of-plea hearing that the State had evidence indicating that he "would have known" that he was crossing onto the owner's property, but had decided to waive the issue of whether he knew he was logging land without the owner's permission in order to obtain the plea agreement. In continuing the colloquy, however, the trial court asked petitioner whether he "had the knowledge or should have had the knowledge" that he was taking trees that he did not have a right to take because they were on somebody else's land. Petitioner responded that he "guessed" he "should have known"—he "should have looked more carefully." The court reiterated that petitioner had "a duty to figure out

4

where their land begins and where it ends, and if you didn't comply with that duty, you can be criminally liable."

Notwithstanding that petitioner admitted logging well past the boundary of the owner's property and acknowledged that the State had to prove his intent to take trees on land for which he did not have a contract, the colloquy gave petitioner the clear impression that he could be convicted of grand larceny as long as he should have known the logging was wrongful. This is not an accurate statement of the mens rea element of grand larceny, which requires an intent to steal, and it could have induced petitioner's guilty plea based on his belief that the intent element of the offense required the State to prove only that he should have known he was logging land without the owner's permission. See id., at 451 (stating that "collateral attacks for defects under Rule 11(f) require no showing of prejudice"). For the above reasons, we reverse the superior court's denial of petitioner's motion for summary judgment and its award of summary judgment to the State.

Reversed and remanded for entry of a judgment allowing petitioner to withdraw his guilty plea.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice