*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-474

DECEMBER TERM, 2016

| | |
|---|---|
| In re John J. (Jack) Parda | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 361-8-14 Wmcv |
| | |
| | Trial Judge: Katherine A. Hayes |

In the above-entitled cause, the Clerk will enter:

Defendant in this post-conviction relief proceeding appeals from a judgment in favor of the State. Defendant contends the trial court erred in concluding that: (1) the colloquy in which he entered pleas to multiple separate charges was sufficient to establish a factual basis for the pleas; and (2) the colloquy as to one charge was adequate despite defendant's failure to expressly plead guilty. We affirm.

The charges against defendant all stemmed from a series of burglaries and related offenses that occurred in the summer of 2009. In five separate dockets, defendant was charged with numerous offenses, including one count of felony possession of stolen property (Docket No. 1237-9-09 Wmcr), nine burglary counts (Docket No. 1503-11-09 Wmcr), two additional burglary counts (Docket No. 1504-11-09 Wmcr), one count of violating conditions of release (Docket No. 1505-11-09 Wmcr) (VCR), and misdemeanor counts of unlawful mischief and petty larceny (Docket No. 1163-3-09 Wmcr).

In February 2011, after three days of trial on most of the charges, defendant indicated that he wanted to change his plea to guilty. The trial court, in response, informed defendant at some length about the process of entering a plea and the rights that he would be waiving, and suggested that defendant give the matter further thought. Trial continued through the morning, and the court then dismissed the jury and took up the change-of-plea. The State indicated that it would require defendant to plead guilty to the one count information charging felony possession of stolen property in Docket No. 1237-09-09, the nine burglary counts in Docket No. 1503-11-09, the two burglary counts in Docket No. 1504-11-09, the misdemeanor unlawful mischief and petty larceny charges in Docket No. 1163-9-09, and the VCR in Docket No. 1505-11-09. The State would dismiss a number of additional misdemeanor counts and one felony count of receiving stolen property.

The court then repeated to defendant what the State was offering, including a specific explanation that "you would plead to 1237-9-09, which is the one count of possession, the

possession of stolen property." The court then asked defendant, "[d]o you understand all of that?" Defendant responded, "I do, Your Honor."

Following some additional discussion about the specifics of the plea, the court convened a formal Rule 11 conference. The court explained the rights that defendant would be waiving "by pleading guilty," and elicited acknowledgements from defendant that he wished to waive those rights and that no promises had been made about the ultimate sentence to be imposed or other pressures placed on defendant. The court observed that defendant had been paying close attention and making notes through the previous three days of trial, and appeared to have been engaged and consulting with counsel, which defendant acknowledged was the case. Defendant further acknowledged that he had been afforded an adequate opportunity to consult with counsel about "the decision . . . to change your plea."

The court then indicated that it intended "one by one [to] go through each one of the charges," explaining that it would "read the charge to you, explain what the possible penalty is, and then ask you for your plea, and then after that, I'm going to ask you basically to acknowledge that you did what was charged." With one exception to be discussed, the court then read each charge, stated the maximum sentence, and asked defendant "how do you plead?" In each case defendant responded "guilty." In each case the court then described the underlying facts of the charge, and asked whether defendant "acknowledge[d]" or "agree[d]" that the events happened as described. In doing so, the court asked whether defendant had "in fact" committed the acts as described, and also specifically asked if defendant had the requisite intent when he committed each act. Defendant responded affirmatively to each question.

At the conclusion of the conference, the court observed that it was satisfied "with respect to the voluntariness of [defendant's] pleas," reaffirmed that defendant was satisfied with his advice from counsel, accepted the "guilty pleas that [defendant] has entered," and indicated that the matter would be set for sentencing. In July 2011, defendant was sentenced to an aggregate term of ten to fifteen years.

In August 2014, defendant filed a pro se petition for post-conviction relief. Following the assignment of counsel, defendant filed an amended petition, alleging that the trial court failed to elicit an adequate factual basis for the pleas during the Rule 11 colloquy. Defendant then filed a motion for summary judgment, asserting specifically that the colloquy was inadequate because the court, in explaining that the various burglary charges consisted of the entry of a dwelling "knowing you were not licensed or privileged to do so, with the intent to commit a larceny," failed to define "without license" or "larceny." In addition, defendant claimed that the conviction for possession of stolen property was invalid because he did not expressly enter a plea of guilty to that count. The State opposed the motion and filed a cross motion for summary judgment.

The court issued a written ruling in November 2015 in favor of the State. The court observed that the trial court used the phrase "weren't supposed to" instead of "without license" on at least two occasions during the colloquy, inquiring whether defendant "acknowledge[d] that . . . you entered [the dwelling] knowing you weren't supposed to do that." The court concluded that this alternative plain language made it clear what the statutory language meant, and ensured that defendant understood it. The court further observed that defendant had already been through three days of trial, which informed his understanding of the nature of the charges. The

2

trial court did not specifically address defendant's claim concerning the validity of the conviction for possession of stolen property. This appeal followed.

Vermont Rule of Criminal Procedure 11(f) provides that "the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." We have explained that this requirement "reinforces the goal of ensuring knowing and voluntary pleas," and have recognized that there is no "particular formula for determining that there is a factual basis for the plea," noting that a recital of the facts by the prosecutor "together with a statement by the defendant confirming their accuracy" may suffice. In re Stocks, 2014 VT 27, ¶¶ 13, 15, 196 Vt. 160.

On appeal, defendant contends as a general matter that the court failed to establish a sufficient factual basis for each of the pleas because defendant's "participation was limited" and his responses to the court's recitation of the facts were "monosyllabic." The claim fails for two reasons. First, the claim was not raised below. See In re Collette, 2008 VT 136, ¶ 15, 185 Vt. 210 (noting rule that claims not raised below are not preserved for consideration on appeal). Second, as noted, we have held that it is sufficient if the defendant acknowledges the truth of the essential facts recited by the prosecutor or, as here, the trial court. For these reasons, we find no error. In this case, the trial court individually stated each of the essential facts to support each of the charges and asked defendant whether these things actually happened as alleged. Defendant responded that they had. In doing so, defendant personally and directly admitted to each of the essential underlying facts to support the charges to which he was pleading guilty. These personal admissions of the essential facts satisfied the requirements of Rule 11(f).

As noted, defendant also maintains that his conviction for possession of stolen property was invalid because, despite carefully reciting the elements of the offense, recounting the underlying facts, and eliciting defendant's admission of the facts necessary to satisfy each of the necessary elements, the court neglected to obtain an express guilty plea to that charge during the portion of the plea colloquy that focused particularly on that charge.

Despite the omission, we are satisfied that the record as a whole demonstrates defendant's clear and unequivocal intent to plead guilty. Just prior to the Rule 11 colloquy, the prosecutor explained to defendant and the court its understanding of the plea arrangement, specifically stating his expectation that defendant would "plead guilty" to the possession of stolen property count. At the start of the Rule 11 conference, the court reaffirmed defendant's understanding "that by pleading guilty" to the charges he was waiving certain rights, which defendant specifically acknowledged. At the conclusion of the hearing, the court again emphasized its satisfaction that defendant's pleas "with respect to all of the counts" were voluntary, confirmed that defendant had no concerns, and formally "accepted the guilty pleas that [defendant] has entered."

The record leaves no doubt as to defendant's intent to plead guilty to all of the charges, including the possession of stolen property charge, and we conclude that this was sufficient. See State v. Holden, 2009-1714, p. 2 (La. 4/9/10); 32 So. 3d 803 (holding that, where court advised defendant of charge and of rights waived by entering plea, and defendant acknowledged factual basis for plea, "the failure of defendant to conclude the colloquy by stating 'I plead guilty' does not render an otherwise knowing, intelligent and voluntary" plea invalid); Commonwealth v. Tavernier, 922 N.E.2d 166, 173 (Mass. App. Ct. 2010) (holding that "[t]he absence of the phrase,

3

'I plead guilty,' or 'guilty,' after each charge is inconsequential where the circumstances compel the conclusion that the defendant did enter a pleas of guilty and that plea was accepted by the judge" (quotation omitted)); <u>State v. Parton</u>, 1990 WL 38341, at * 2 (Tenn. Crim. App. 1990) (holding that, although defendant "did not verbalize the express words, 'I plead guilty,' his statements" were otherwise sufficient to leave no doubt as the validity of the plea). Accordingly, we find no error, and no basis to disturb the judgment.

    <u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

4