NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 53

No. 2015-085

In re Wight Manning

Supreme Court

On Appeal from
Superior Court, Addison Unit,
Civil Division

October Term, 2015

Robert A. Mello, J.

Bradley S. Stetler of Stetler, Allen & Kampmann, Burlington, for Petitioner-Appellant.

Ashley A. Hill, Addison County Deputy State's Attorney, Middlebury, for Respondent-Appellee.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.    **ROBINSON, J.**   This case calls upon us to determine the sufficiency of a plea colloquy under Vermont Rule of Criminal Procedure 11. Petitioner appeals from the superior court's order granting judgment to the State on his petition for post-conviction relief (PCR) challenging his third conviction for driving under the influence (DUI) following his sentencing for a fourth DUI offense that had been enhanced by the DUI-3 conviction.   He argues that the trial court that accepted the plea agreement that led to his conviction for DUI-3 did not ensure his guilty plea was voluntary and supported by a factual basis as required by Vermont Rules of Criminal Procedure 11(d) and 11(f). As relief, he seeks an order vacating the DUI-3 conviction. We conclude that the plea colloquy for the DUI-3 was inadequate to establish the factual basis required by Rule 11(f), but that our established law does not provide for an order vacating the

DUI-3 conviction. Because the remedy for the improper conviction for the DUI-3 lies in the post-conviction challenge to the sentence for the DUI-4, we reverse and remand with instructions to the trial court to enter a judgment vacating the 2014 sentence for DUI-4 and conduct a resentencing on that charge.

¶ 2. In April 2001, petitioner pled guilty to DUI-3. 23 V.S.A. § 1201. In February 2014, after he was charged with DUI, fourth offense, petitioner filed a PCR petition seeking an order vacating the DUI-3 conviction. He argued that: (1) the change-of-plea court did not establish a factual basis for his plea as required by V.R.Cr.P. 11(f), and (2) the plea-agreement court failed to inquire into the voluntariness of his plea, in violation of Rule 11(d).

¶ 3. The State moved to dismiss the petition for lack of jurisdiction, arguing that petitioner was not at that the time of filing in custody under sentence as a result of the 2001 conviction. On petitioner's request, the PCR court held his motion in abeyance pending the outcome of the proceedings in the DUI-4. Petitioner was found guilty of the DUI-4 offense, and the parties agreed that this PCR petition was ripe for consideration.[1]

¶ 4. The parties agreed that the trial court could rule on the merits on the basis of their pleadings, the court record from the 2001 proceeding, and the transcript of the 2001 change-of-plea hearing. The transcript reflects that at the change-of-plea hearing on April 3, 2001, petitioner was represented by counsel. Through the first phase of the hearing, the court and counsel discussed the proposed plea agreement between defendant and the State and tried to frame it in terms that were acceptable to the court while also meeting the respective parties' goals. Once the court and parties, through counsel, amended the plea agreement, the court engaged petitioner in the following colloquy:

---

[1] Petitioner's sentence for the DUI-4, issued on August 18, 2014, was one to two years. He remains under sentence for that charge.

THE COURT: Well, the State has made a charge here. What they're saying in substance is that you were operating a motor vehicle, a Ford truck, on Rotax Road—Rotax Road in Monkton. Now where's the Rotax Road?

PETITIONER: Monkton.

THE COURT: Whereabouts? Whereabouts in Monkton is that?

PETITIONER: You know where the Hollow is if you come off Route 7 heading north from here?

THE COURT: Yeah.

PETITIONER: You go all the way through the Hollow and it brings you to Rotax Road.

THE COURT: Oh. And the State claims that alcohol was having some impact on you. A one-vehicle accident. Were you hurt?

PETITIONER: Nope.

THE COURT: And you wanted to go back and get your rifle.

PETITIONER: Hum?

THE COURT: The affidavit talks about you were agitated because you wanted to go back and get your rifle?

PETITIONER: Yeah. My best friend passed away and it was his gun; I just didn't want it lost. His family gave it to me when he died.

THE COURT: Plus they thought you were using a lot of hot language. Are you normally like that?

PETITIONER: No.

THE COURT: What do you think was the cause of that?

3

PETITIONER:  I was upset.

¶ 5.    After some discussion with the State's attorney about the effect of the criminal refusal charge, the change-of-plea court questioned petitioner about his drinking:

THE COURT:  When did you start drinking?

PETITIONER:  When?

THE COURT:  Yeah.

PETITIONER:  I don't know, on and off since I was in high school.

THE COURT:  Any particular reason why you started?

PETITIONER:  I—probably the group I was with at the time.

THE COURT:  Yeah, I think that's—how old are you?

PETITIONER:  Thirty-one.

THE COURT:  Yeah, you're at the age.  An awful lot of guys stop drinking about this age.

PETITIONER:  It worked for me.

THE COURT:  Too expensive and—I think your generation, like my generation, got exposed to a lot of information that, in order to be manly, you had to smoke Marlboro cigarettes and drink a lot of Bud.

PETITIONER:  Don't like either.  I liked Michelob at the time and Marlboros give me a headache.

¶ 6.    The court then explained to petitioner how a trial works, the presumption of innocence, the fact that petitioner could call witnesses to contest the State's case, and the fact that the trial proceeding would be subject to review by the Vermont Supreme Court.  The court explained that a DUI-3 is a felony, and that the crime carried a maximum penalty of five years in

4

prison and a fine.  The court told petitioner that he was giving up a very valuable right by pleading guilty, and then explained:

> THE COURT:  I'm not trying to trick you into a sentence, but I do want to make very clear what the risks are and what your options are and that you're welcome to have that trial.  It doesn't mean you're going to get a heavier or worse sentence because you go to trial.  So it's—it's up to you in how you want to approach the problem.
>
> PETITIONER:  Well, we've discussed it.  I think what's going to happen I guess is what's going to happen.
>
> THE COURT:  I don't know what's going to happen.  The more you're willing to take responsibility for your alcohol problem, the less I have to.
>
> PETITIONER:  I've taken responsibility for it.

¶ 7.    The change-of-plea court then accepted petitioner's guilty plea, asking petitioner simply, "And it's a guilty plea," to which petitioner responded "Yes, sir."  When asked whether he had any questions by the court, petitioner indicated "[n]one that I can think of."  Beyond what is reflected above, neither the court nor the State read the charges to defendant, reviewed the elements of the charge, asked defendant to admit to any facts underlying the charge, or asked defendant about the voluntariness of his plea.

¶ 8.    Reviewing this record, the PCR court concluded that the plea colloquy had elicited from petitioner a sufficient factual basis to support the plea under V.R.Cr.P. 11(f).  In particular, the PCR court explained that petitioner's description to the change-of-plea court of the location of Rotax Road after the court noted the State's allegation that petitioner had operated a vehicle on that road constituted an implicit admission that he did, in fact, drive a motor vehicle

5

on Rotax Road on the night in question. Further, the PCR court reasoned that, although the change-of-plea court never specifically asked petitioner whether he was intoxicated at the time, petitioner's admissions that he had a drinking problem, was attending Alcoholics Anonymous meetings, was not himself at the time of the accident, and used "hot language" following the accident raise a strong inference that he admitted to being intoxicated on the night in question.

¶ 9. With respect to the Rule 11(d) challenge, the PCR court relied on the following facts in concluding petitioner's plea was voluntary: (1) that petitioner was represented by counsel; (2) that the plea colloquy followed an extended discussion between the court and counsel about the consequences of the plea agreement; (3) that the change-of-plea court asked him whether he was clear in his understanding; (4) that petitioner responded, "Yes, sir," when asked if he pled guilty; and (5) that the petitioner said no when the change-of-plea court asked him if he had any questions. Based on these facts, and considering the totality of the circumstances and petitioner's failure to make a showing of prejudice, the PCR court concluded that there was sufficient evidence that the plea was voluntary and satisfied the requirements of V.R.Cr.P. 11(d).

¶ 10. Finally, in an apparent alternate holding, the PCR court found that the PCR was not seasonably made because: (1) thirteen years had lapsed between petitioner's sentence and his PCR; (2) a DUI, third offense is a relatively straightforward offense; and (3) petitioner had the same counsel at the Rule 11 hearing as in the PCR challenge. In support of its conclusion, the PCR court cited State v. Cahill, which held that "[a] long delay in moving to withdraw a plea may, in and of itself, be sufficient reason for denying [a change of plea] as not seasonably made." No. 2001-371, 2002 WL 34423808, at *3 (Vt. Feb. 2002)

(unpub. mem.) (quotation omitted), https://www.vermontjudiciary.org/UPEO2001-2005/eo01371.aspx.[2]

¶ 11.　There are no disputed facts in this case,[3] and on appeal we review the lower court's legal rulings de novo. In re Manosh, 2014 VT 95, ¶ 8, 197 Vt. 424, 108 A.3d 212.

¶ 12.　Rule 11(f) provides: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." V.R.Cr.P. 11(f). We recently considered the requirements of Rule 11(f) in In re Stocks, 2014 VT 27, 196 Vt. 160, 94 A.3d 1143. In that case, the change-of-plea court read each element of each charge to the defendant, described to the defendant the facts alleged by the State in support of each element or asked the State's attorney to elucidate the factual basis, and asked the defendant if he understood each charge. Although the defendant pled guilty after this back-and-forth, the court never actually asked him whether he admitted to the facts that formed the basis for each charge. Despite its efforts to ensure that the defendant had understood the elements of the State's charges, we concluded that the change-of-plea court had failed to comply with the requirement of Rule 11(f) that it elicit from a defendant an admission of the factual basis for a plea.

¶ 13.　We explained that "Rule 11(f) ensures that even a plea entered voluntarily without force or threat, and with full understanding of the elements of the charge, the potential penalties,

---

[2]　At the PCR hearing, petitioner also challenged his plea under Rule 11(c)(4), arguing that, although the court discussed the right to a jury trial, petitioner never waived those rights as required by the Rule. The PCR court rejected this argument, finding that petitioner implicitly waived his right to a jury trial, and, in any event, made no showing of prejudice. Petitioner did not appeal this ruling, and we therefore do not consider it. See, e.g., Labate v. Rutland Hosp., Inc., 2015 VT 128, ¶ 25, ___ Vt. ___, 132 A.3d. 1083 (noting that we do not consider arguments "not properly before" us).

[3]　It is not entirely clear whether the trial court's ruling was a ruling on the merits based on stipulated evidence, or whether it was a summary judgment ruling pursuant to V.R.C.P. 56. In either case, the only question before us the application of the law to the facts. See In re Manosh, 2014 VT 95, ¶ 8 n.1.

and rights waived, is warranted by the underlying facts." Id. ¶ 13 (quotation omitted). We noted that "Rule 11(g), which requires a record of the proceedings at which a defendant enters a plea, reinforces the independent significance and purpose of the 'factual basis' inquiry." Id. "That provision requires that the record include 'the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea.' " Id. (quoting V.R.Cr.P. 11(g)) (emphasis in original).

¶ 14. We declined to articulate a particular formula for determining a factual basis, noting that an admission to the facts by the defendant in the course of the colloquy is usually sufficient and that a recital of the facts by the prosecutor together with a statement by the defendant confirming their accuracy can also satisfy the rule. Id., ¶ 15. We explained, "What is principally required . . . is evidence of a specific inquiry by the judge into the factual basis for the plea." Id.; see also State v. Yates, 169 Vt. 20, 24, 726 A.2d 483, 486 (1999) (holding that "the court's inquiry into the accuracy of the plea must be addressed personally to the defendant . . . because the factual basis for the plea may consist only of facts that defendant has admitted during the proceedings at which the plea is entered"); In re Dunham, 144 Vt. 444, 449, 479 A.2d 144, 147 (1984) ("Rule 11 requires that the judge develop on the record, the factual basis for the plea." (quotation and emphasis omitted)).

¶ 15. By the standard we set in In re Stocks, this is not a close case. In this case, neither the change-of-plea court nor the State even stated on the record the elements of the crime to which petitioner pled guilty and the factual allegations on which the State's charges were based. As in In re Stocks, the court never asked petitioner if he admitted to the State's charges. The change-of-plea court noted that the State alleged that the defendant was driving on Rotax Road, but then the discussion immediately shifted to the location of the road and the court never asked defendant whether he drove on Rotax Road. We cannot discern from petitioner's response to the

court's general question about the location of Rotax Road an implicit admission that petitioner was driving on that road on the night in question.

¶ 16. More critically, the change-of-plea court never asked petitioner whether he admitted that he was under the influence when he drove. The court noted that "the State claims that alcohol was having some impact on you," but then immediately asked defendant whether he was hurt in the accident. The court never asked petitioner whether he was under the influence of alcohol at the time of the accident, and did not elicit any facts from the defendant to establish a factual basis. As we held in State v. Yates, "[t]his failure to question [petitioner] as to the factual basis with respect to the [underlying charge] is a substantial—in fact, total—violation of Rule 11(f)." 169 Vt. at 24, 726 A.2d at 486. Compare State v. Marku, 2004 VT 31, ¶ 24, 176 Vt. 607, 850 A.2d 993 (mem.) (affirming factual basis of guilty plea under Rule 11(f) where defendant admitted to wanting to kill victim and stipulated to prima facie case), with Yates, 169 Vt. at 27, 726 A.2d at 488 (noting that "an affidavit may be a source of facts to support a plea," but holding that "the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis [under Rule 11(f)]").

¶ 17. We reject the PCR court's suggestion that petitioner's admission that he had a drinking problem on and off since high school supports the inference that petitioner admitted that he was intoxicated at the time of the accident giving rise to the DUI charge. This is simply too great a leap. See Dunham, 144 Vt. at 148, 479 A.2d at 450 (vacating defendant's guilty plea to second degree murder where plea colloquy revealed only that petitioner was present at crime scene and did not specifically establish defendant's intent to commit crime).

¶ 18. Because we cannot glean from this record an admission by petitioner that he was intoxicated at the time of the accident, we conclude that the plea colloquy did not satisfy the

9

requirements of Rule 11(f).[4]  No showing of prejudice is required.  In re Miller, 2009 VT 36, ¶ 11, 185 Vt. 550, 975 A.2d 1226.

¶ 19.  Although we agree with petitioner on the merits of his challenge to the 2001 DUI-3 conviction, the remedy sought by petitioner—an order vacating his 2001 conviction for DUI-3—is not warranted by our established precedent.  The appropriate remedy in this context is an order vacating the sentence for petitioner's conviction for DUI-4, and resentencing on that conviction with no enhancement on account of the prior DUI-3 conviction.

¶ 20.  The remedy petitioner seeks is at odds with our established law as articulated in State v. Boskind, 174 Vt. 184, 807 A.2d 358 (2002).  In Boskind, two defendants faced DUI charges subject to enhancement on account of prior convictions that they sought to challenge.  Among the questions before this Court were whether they could seek post-conviction relief for the prior convictions for which their sentences had expired, and whether they could challenge the prior conviction in the then-district court (now criminal division) in the context of the pending new DUI charges.  Over a dissent, this Court concluded that the defendants were not entitled to challenge their prior convictions at the sentencing phase of an enhancement charge; instead, they had to pursue post-conviction relief from the enhanced sentences pursuant to 13 V.S.A. § 7131. 174 Vt. at 189-92, 807 A.2d at 363-65.  This court quoted approvingly from a Third Circuit opinion explaining that a "[PCR] petitioner in custody under a sentence enhanced by a prior conviction may attack that prior conviction . . .  only in the context of a challenge to the enhanced sentence for which [the petitioner] is in custody."  Id. at 193, 807 A.2d at 365-66 (citing Young v. Vaughn, 83 F.3d 72, 77-78 (3d Cir. 1996) (emphasis added).  Boskind held that the relief available to petitioner on account of the improper 2001 conviction for DUI-3 is limited to a challenge to any enhancement of his sentence in the context of his DUI-4 conviction.  This

---

[4]  Because we reverse and remand on the basis of petitioner's Rule 11(f) argument, we need not reach his alternate challenge to the plea colloquy under Rule 11(d).

Court reiterated this holding in In re Collette, explaining, "collateral relief in these circumstances requires that the enhanced sentence be stricken in the event of a meritorious claim, but there is no jurisdiction to vacate the long final [prior] conviction" upon which the enhancement was based. 2008 VT 136, ¶ 8, 185 Vt. 210, 969 A.2d 101.

¶ 21. We recognize that petitioner's post-conviction relief claim sought an order vacating his 2001 conviction for DUI-3. However, because the appropriate relief for the inadequate Rule 11 colloquy in the DUI-3 case is an order directed at the DUI-4 sentence, which was subject to enhancement pursuant to 23 V.S.A. § 1210(e), we reverse and remand for the Superior Court to enter an order vacating the sentence in the DUI case and resentencing defendant.[5]

Reversed and remanded for entry of a judgment vacating the 2014 sentence for DUI-4 and ordering resentencing on that charge.

FOR THE COURT:

_____

Associate Justice

¶ 22. **DOOLEY, J., concurring and dissenting.** I agree with the Court that if we do not overrule the dicta in State v. Boskind, 174 Vt. 184, 192-93, 807 A.2d 358, 365-66 (2002) and the holding in In re Collette, 2008 VT 136, ¶ 8, 185 Vt. 210, 969 A.2d 101, we must recast plaintiff's case as a challenge to the enhanced sentence and statutory consequences in the later DUI case, not to the DUI judgment that is based on a guilty plea after an inadequate Rule 11

_____

[5] We reject the PCR court's conclusion that petitioner's PCR was not "seasonably made" because of the thirteen year time lapse between petitioner's 2001 conviction and his PCR petition. For the reasons set forth above, this post-conviction relief action is properly viewed as directed at the 2014 conviction for DUI-4; petitioner brought that claim as soon as it was legally possible. Moreover, 13 V.S.A. § 7131 provides that a "prisoner who is in custody under sentence" may collaterally attack an improper sentence "at any time." We have emphasized that "[o]ne fundamental aspect of post-conviction relief is that a challenge to confinement may be brought 'at any time.' " In re Laws, 2007 VT 54, ¶ 9, 182 Vt. 66, 928 A.2d 1210

colloquy. I dissent because I would resolve the issue by overruling the <u>Collette</u> holding on this point, essentially on the main ground for my dissent in that case. See <u>Collette</u>, 2008 VT 36, ¶¶ 30-32 (Dooley, J., dissenting). While the enhancement consequences are the most important effects of petitioner's third DUI conviction, they are not the only possible effects. We have ruled here that the conviction was invalid. It makes no sense to allow a conviction, determined to be invalid by this Court, to continue to have collateral consequences for petitioner as if it were valid.[6]

_____
Associate Justice

---

[6] <u>Collette</u> contains two holdings, one on the ability to challenge a conviction in a PCR proceeding based on non-compliance with Rule 11 and a second on mootness. I believe that the second holding was overruled by <u>In re Chandler</u>, 2013 VT 10, 193 Vt. 246, 67 A.3d 261.