EATON, J., dissenting.
¶ 34. For many reasons, I dissent. The majority holds that for a plea to be voluntary, Vermont Rule of Criminal Procedure 11(f) requires "some recitation on the record of the facts underlying the charge and some admission by the defendant to those facts." Ante, ¶ 21.[8] The majority does not address the history of Rule 11(f), its plain language, or the unvaried federal case law decided under the identical rule, none of which supports the unduly rigid interpretation of Rule 11(f) that the majority adopts. The majority also assumes the answer to a threshold, but unaddressed, question of whether its holding should be applied retroactively to a Rule 11 colloquy conducted ten years ago. If the majority's position is announcing a new rule, which is at least debatable, it should be given prospective *502 application only.[9] In any event, the majority's position creates a "magic words" test for reasons that are unclear.
¶ 35. The record shows that nearly a decade ago petitioner confessed, in detail, to committing the charged crimes; he affirmed in court that those confessions, along with other evidence, provided a factual basis for his guilty pleas. He signed a written waiver to this effect. He expressed remorse for his crimes. The court dismissed seventeen additional charges against petitioner based on his guilty pleas. Yet according to the majority, his pleas must now be vacated, not because the court failed to provide petitioner the advice required by Rule 11(c) or ensure that the plea was voluntary under Rule 11(d), but because the trial court could not satisfy itself on this record that a "factual basis" existed for petitioner's guilty pleas. The majority's interpretation of Rule 11(f) is inconsistent with the law and it leads to untenable results.
¶ 36. Vermont's Rule 11 is based on and substantially identical to Federal Rule of Criminal Procedure 11. See Reporter's Notes, V.R.Cr.P. 11 (stating that Vermont rule is based on federal rule). Thus, "[d]ecisions of the federal courts interpreting the Federal Rules ... are an authoritative source for the interpretation" of our rule. Reporter's Notes, V.R.Cr.P. 1. "[A]lthough the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the [trial] judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary," and "to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." McCarthy v. United States, 394 U.S. 459, 465-66, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (explaining that defendants who enter guilty pleas waive important constitutional rights, and to be valid, these waivers "must be an intentional relinquishment or abandonment of a known right or privilege" (quotation omitted)). The rule accomplishes these goals through various means, several of which explicitly require the trial judge to personally advise a defendant "in open court" of certain information such as the nature of the charges, the minimum and maximum penalties, and the rights that a defendant will forfeit through a guilty plea. See V.R.Cr.P. 11(c)(1)-(8). The court must also, "by addressing the defendant personally in open court, determin[e] that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." V.R.Cr.P. 11(d).
¶ 37. Rule 11(f), by contrast, does not explicitly require the court to address a defendant "personally in open court" for the judge to determine that there is a factual basis for the plea. Instead, the rule provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it *503 that there is a factual basis for the plea." Id. In other words, the rule imposes "a duty on the court in cases where the defendant pleads guilty to satisfy itself that there is a factual basis for the plea before entering judgment." Advisory Committee Notes-1966 Amendments, F.R.Cr.P. 11 (emphasis added); see also State v. Schulz, 409 N.W.2d 655, 658 (S.D. 1987) (rule requires that "[b]efore accepting a guilty plea, a court must be subjectively satisfied that a factual basis exists for the plea." (emphasis added)).
¶ 38. This makes sense because a defendant admits that he committed the charged conduct by pleading guilty. The Supreme Court has made clear that
[o]rdinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind. The plea usually subsumes both elements, and justifiably so, even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment.
Alford, 400 U.S. at 32, 91 S.Ct. 160 (emphasis added) (recognizing that "an express admission of guilt ... is not a constitutional requisite to the imposition of criminal penalty") ids="12045986" index="197" url="https://cite.case.law/us/400/25/#p37">id. at 37, 91 S.Ct. 160 ; see also United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (recognizing that a guilty plea is both "a confession which admits that the accused did various acts," as well as an "admission that he committed the crime charged against him" (quotation omitted)); McCarthy, 394 U.S. at 466, 89 S.Ct. 1166 ("[A] guilty plea is an admission of all the elements of a formal criminal charge ...."); see also State v. Katon, 168 Vt. 274, 278, 719 A.2d 430, 433 (1998) (recognizing that "[d]efendant, through his plea of nolo contendere, made 'a formal admission of all elements of the charge' " (quoting 2 W. LaFave & J. Israel, Criminal Procedure § 20.4(c), at 642 (1984) )). As the U.S. Supreme Court explained,
[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. That is why the defendant must be instructed in open court on "the nature of the charge to which the plea is offered," [F.R.Cr.P.] 11(c)(1), and why the plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts," McCarthy v. United States, 394 U.S. 459, 466 [89 S.Ct. 1166, 22 L.Ed.2d 418] (1969).
Broce, 488 U.S. at 570, 109 S.Ct. 757. In accepting a plea, the trial court can ascertain the existence of a factual basis in a variety of ways. As the Advisory Committee explained:
The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty. Such inquiry should, e.g., protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.... The normal consequence of a determination that there is not a factual basis for the plea would be for the court to set aside the plea and enter a plea of not guilty.
Advisory Committee Notes-1966 Amendments, F.R.Cr.P. 11 (emphasis added); see *504 also Reporter's Notes, V.R.Cr.P. 11 (citing 1966 Federal Advisory Committee's Note, and recognizing that there are multiple sources of information in ascertaining factual basis, and further noting that Rule 11(f)"leaves to the judge the standard of probability of guilt to be applied, as well as the nature and depth of the inquiry"). Thus, from the time that the factual-basis language was added to the federal rule in 1966, and from the time that Vermont's rule was promulgated by this Court in 1973, it has been established that the trial court can look to a variety of sources in determining if there is a factual basis for a guilty plea, including, but not limited to, information provided by the defendant.[10]
¶ 39. Countless treatises reiterate this point. As stated succinctly by Wright & Miller:
The factual basis for the plea must be developed on the record, and courts can look to a variety of sources when deciding whether a factual basis exists. "An inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case."...
Neither Rule 11 nor the case law requires an on-the-record colloquy before the judge makes the factual basis determination. A court may instead rely on its examination of relevant materials in the record.
1A C. Wright, et al., Fed. Prac. & Proc. Crim. § 179 (4th ed.2008) (quoting Advisory Committee Notes-1974 Amendments, F.R.Cr.P. 11 ); see also 24 J. Moore, et al., Moore's Federal Practice § 611.08[2][a], at 611-76-611-77 (3d ed. 2013) (recognizing that "[t]here are a number of sources from which the court may determine that the requisite 'factual basis' exists," including inquiring of defendant, but trial court's failure "to inquire personally of the defendant is not, of itself, grounds for reversal if the factual basis is otherwise established."); 5 W. LaFave, et al., Crim. Procedure § 21.4(f) (4th ed.) (explaining that "factual basis" provisions generally "leave the judge free to decide in the particular case how this determination can best be made," whether through "inquiry of the defendant ..., inquiry of the prosecutor or defense counsel, examination of the plea agreement, presentence report, complaint, indictment, or preliminary hearing transcript, grand jury transcript, testimony by police or a complaining witness, a combination of those methods; or, indeed, anything appearing on the record" (footnotes and quotation omitted)); ABA Standards for Criminal Justice: Pleas of Guilty § 14-1.6, Commentary (3d ed. 1999) (revising standard concerning factual basis to eliminate suggestion that court should "generally" require defendant to make detailed statement concerning commission of offense, finding such language "unduly restrictive and inconsistent with actual practice," and recognizing that "[o]ther appropriate procedures for establishing a factual basis for the plea include having the prosecutor make a proffer of what the state is prepared to prove, accepting the parties' stipulation on a set of *505 facts, and, in rare cases, calling witnesses to testify concerning the defendant's conduct"); Irizarry v. United States, 508 F.2d 960, 967 (2d Cir. 1974) (finding it "undeniably true" that trial court, in determining factual basis for plea, may rely on any facts at its disposal, explaining that rule itself does not require court to personally address defendant on this point and that Advisory Committee Note makes clear that this was intentional, but noting that "[a]ny additional facts on which the court relies ... must be put into the record at the time of the plea"); Schulz, 409 N.W.2d at 658 (recognizing under analogous state rule that " Rule 11(f), as opposed to Rule 11 generally, does not require a colloquy between judge and defendant; the court may find the factual basis in anything that appears on the record," and "[i]t is not necessary that a defendant state the factual basis in his own words"). Even if a description by the defendant of the pertinent facts arguably may be "the best means of eliciting a factual basis for the plea," it is not the only means. 24 J. Moore et al., Moore's Federal Practice, § 611.08[2][c], at 611-79; compare United States v. Tunning, 69 F.3d 107, 112 (6th Cir. 1995) (stating that having trial courts ask defendants to describe conduct that they believe constitutes crime is "ideal means" to establish factual basis for guilty plea, but "[t]his 'ideal' method is by no means the only method"); with ABA Standards for Criminal Justice: Pleas of Guilty § 14-1.6, Commentary (recognizing that asking defendant to speak and explain facts to support plea may create problems, particularly in federal system, where defendant "may volunteer or be asked for facts that are unnecessary to support the conviction and that may be damaging to the defendant in connection with sentencing").
¶ 40. As indicated above, the Reporter's Notes to our rule explicitly recognize that a court may look to a variety of sources in determining the existence of a factual basis, and "[p]ossible sources of information are the defendant himself, the prosecutor, or the presentence report." Reporter's Notes, V.R.Cr.P. 11 (citing ABA Minimum Standards § 1.6, Commentary). This makes sense, of course, because our rule is entirely based on the federal rule. Indeed, even in the cases that the majority relies upon, we have explicitly recognized that the trial court "may obtain facts from other sources, including the prosecutor and the presentence report." State v. Yates, 169 Vt. 20, 24, 726 A.2d 483, 487 (1999) ; see also In re Stocks, 2014 VT 27, ¶ 15, 196 Vt. 160, 94 A.3d 1143 (stating that "[w]e do not require a particular formula for determining that there is a factual basis for the plea," and acknowledging that "[a] recital of the facts by the prosecutor together with a statement by the defendant confirming their accuracy" would satisfy rule). Rule 11 has been amended numerous times, but Rule 11(f) has never been modified to require, as in other sections of the rule, that the trial court must "address the defendant personally in open court" before determining that a factual basis exists. We should return to the clear standard followed by the federal courts, which serves the purpose of the rule.
¶ 41. To the extent that we have departed from this standard, we have articulated no basis for doing so. Our cases rely solely on federal case law, which does not support this departure. See, e.g., Yates, 169 Vt. at 24-25, 726 A.2d at 487 (recognizing that trial court "may obtain facts from other sources, including the prosecutor and the presentence report," but concluding that Rule 11(f)"must be met through personal address of the defendant," and finding this interpretation supported by U.S. Supreme Court's "interpretation of the federal counterpart to Rule 11");
*506 Stocks, 2014 VT 27, ¶ 20, 196 Vt. 160, 94 A.3d 1143 (citing Yates, 169 Vt. at 25, 726 A.2d at 487, for proposition that "a court must inquire into the accuracy of the charge to which a defendant pleads by personally addressing the defendant"); In re Manning, 2016 VT 53, ¶ 16, 202 Vt. 111, 147 A.3d 645 (citing Yates, 169 Vt. at 24, 726 A.2d at 486, and finding error in court's failure to "elicit any facts from the defendant to establish a factual basis"); cf. In re Dunham, 144 Vt. 444, 451, 479 A.2d 144, 148 (1984) (stating that because "defendant's understanding of the elements of an offense as applied to the facts goes directly to the voluntariness of his plea, the record must affirmatively show sufficient facts to satisfy each element of an offense" (emphasis added)); In re Kasper, 145 Vt. 117, 120, 483 A.2d 608, 610 (1984) (recognizing that language quoted above from Dunham is based largely upon U.S. Supreme Court's interpretation of federal rule, and stating that record must reveal that elements of each offense were explained to defendant and that factual basis for each element was admitted).[11]
¶ 42. The majority offers no rationale for why we should depart from the practice under the identical federal rule. It does not address the history and intent of the rule, reflected in our Reporter's Notes. It does not acknowledge that the rule expressly omits a personal-colloquy requirement. It ignores the fact that our rule is based on the federal rule and that federal case law is "an authoritative source" for the interpretation of our rule. Reporter's Notes, V.R.Cr.P. 1. It does not address the unvaried holdings from federal courts, or the unequivocal statement in countless treatises that "[n]either Rule 11 nor the case law requires an on-the-record colloquy before the judge makes the factual basis determination," and that "[a] court may instead rely on its examination of relevant materials in the record." 1A C. Wright, et al., Fed. Prac. & Proc. Crim. § 179 (4th ed.2008) (quoting Advisory Committee Note-1974 Amendments, F.R.Cr.P. 11 ); see also 24 J. Moore et al., Moore's Federal Practice, § 611.08[2][a], at 611-76-611-77. This statement, of course, reflects the expressed intent of the Advisory Committee that drafted the rule. Other than a *507 desire to adhere with a limpet grip to some of our case law, which is by no means consistent, the majority identifies no reason why we should not follow clear federal precedent concerning Rule 11(f).
¶ 43. The majority relies heavily on the Supreme Court's statement in McCarthy, reiterated in Dunham and other Vermont cases, that a plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." 394 U.S. at 466, 89 S.Ct. 1166. This language refers to a judge's inquiry into "the defendant's understanding of the nature of the charge and the consequence of his plea" under a much different version of Rule 11, requirements now embodied in Rule 11(c) and (d) ; it is not a discussion of the factual basis requirement of Rule 11(f). See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 467, 89 S.Ct. 1166 ;[12] see also 5 W. LaFave, Crim. Procedure § 21.4(c) (4th ed.) (stating that Rule 11(c), which identifies the specific advice that trial court must provide to defendant personally in open court, "ensures that the defendant 'thoroughly understands that if he pleads 'not guilty' the State will be required to prove certain facts,' thus permitting the defendant to make an intelligent judgment as to whether he would be better off accepting the tendered concessions or chancing acquittal if the prosecution cannot prove those facts beyond a reasonable doubt," and this "would seem to be what the Supreme Court meant when it said in [ McCarthy ] that a guilty plea cannot be voluntary 'unless the defendant possesses an understanding of the law in relation to the facts" (citation and footnotes omitted)). As reflected above, no other court has construed McCarthy to hold that a personal colloquy with a defendant is the only way to satisfy Rule 11(f) and ensure a voluntary plea.[13]
¶ 44. In my view, the majority has misconstrued Dunham, "our first case examining Rule 11(f)." Ante, ¶ 12. In Dunham, we held, consistent with the text of the rule, that "[t]here must be an adequate factual basis for all elements of the charge developed on the record." 144 Vt. at 450, 451, 479 A.2d at 148, 148 (also stating that "the record must affirmatively show sufficient facts to satisfy each element of an offense"). We cited federal case law in support of this assertion. See id. at 450, 479 A.2d at 148. Indeed, we recognized in that *508 case-again, consistent with the rule and the notes accompanying the rule-that evidence to establish a factual basis could come from someone other than defendant. See ibr.US_Case_Law.Schema.Case_Body:v1">id. (indicating that Court could not infer factual basis for required mental element from "silent record," and noting "absence of any statements of facts concerning willfulness by the defendant or anyone else" (emphasis added)).
¶ 45. The requirements of Dunham were met in this case through petitioner's acknowledgement that the affidavits, which were replete with admissions made by petitioner, provided an adequate factual basis. No one contends that under federal case law the procedure followed did not comply with Rule 11(f). No one contends that the affidavits were in some way inadequate to establish the facts necessary for conviction, only that petitioner was not called upon to admit to the specific facts within the affidavits that supported the charges. The majority instead requires petitioner to admit that his own admissions were true.
¶ 46. Our Rule 11(f) cases since Dunham have been inconsistent and their inconsistency has led to confusion. What is clear, however, is that to the extent that our cases have required a personal colloquy with a defendant to establish a factual basis, they purport to rely, incorrectly, on federal case law for this requirement. The interpretation of the requirements under the federal rule have not changed over time-they continue to be consistent with the intent of the drafters as expressly stated in the Advisory Committee Notes. It was our case law that departed from the clear federal standard-notwithstanding the fact that the rules are substantively identical-without acknowledging any rationale for doing so. Cf. ante, ¶ 22 n.5 (reasoning that requirement of personal colloquy under Rule 11(f)"may depart from the federal courts' application of the federal rule," but "we do not believe that this necessitates a complete reversal of our prior precedent").
¶ 47. When we depart from an established rule, there should be a rationale for the departure and consistency in practice. Both are missing here. Obviously, the federal rule, like our rule, is designed to prevent the entry of guilty pleas when the conduct at issue does not constitute the crime charged, and the rule as designed offers the necessary protection to serve this goal. The concerns raised by the majority are both contemplated and satisfied by the federal approach.[14] Eliminating the inconsistencies in our decisions by returning to the clear practice under the federal rule would bring clarity and foreseeability to an area where it is sorely needed.
¶ 48. The majority's position that Rule 11(f) can only be satisfied by a direct colloquy with the defendant also brings Rule 11 into direct conflict with V.R.Cr.P. 43(c), which allows for a guilty plea by waiver without any colloquy whatsoever with the defendant. Thousands of convictions have been entered pursuant to this rule. Rule 11(c) and (d) expressly provide that no personal colloquy is required in plea-by-waiver cases under Rule 43. See also Reporter's Notes, V.R.Cr.P. 11 (stating that requirement found in Rule 11(c) and (d) that court address defendant personally *509 "is, of course, waived if the defendant waives appearance under Rule 43(c)(2)"). If a direct colloquy with the defendant is so critical, what rationale justifies its exclusion in the plea by waiver cases? That Rule 43(c) provides for guilty pleas by waiver in certain circumstances does not justify the departure from the majority's position that V.R.Cr.P. 11(f) requires a personal colloquy with the defendant.
¶ 49. Convictions in cases where defendant enters a guilty plea by waiver are not children of a lesser god; they carry with them the same consequences and the same potential punishments as convictions for like offenses rendered in open court. If personal inquiry of the defendant regarding the factual basis is required, as the majority asserts, the majority provides no sound basis why the requirement should be disposed of when a defendant waives appearance under V.R.Cr.P. 43(c). The majority's citation of In re Manosh, 2014 VT 95, 197 Vt. 424, 108 A.3d 212, does nothing to resolve this issue. There, we held that if a defendant does not waive his appearance under Rule 43, the trial court must conduct the necessary Rule 11 colloquy on the record. Manosh says nothing about how a defendant who waives his or her appearance under Rule 43 can comply with the Rule 11(f) on-the-record requirement imposed by the majority here.
¶ 50. Unlike Rule 11(c) and (d), Rule 11(f) does not provide any exception "as authorized by Rule 43," nor do the Reporter's Notes discuss a waiver of any "personal colloquy" requirement with respect to the court's determination of a factual basis. That is because, as the plain language of the rule and the Reporter's Notes reflect, Rule 11(f) does not require the court to engage in a personal colloquy with the defendant to satisfy itself that a factual basis exists. Thus, the majority's holding that Rule 11(f)requires the court to elicit from a defendant information to support the finding of a factual basis creates an inconsistency between Rule 11 and Rule 43, and draws into question the continued viability of plea by waiver.[15] Allowing a trial court to determine the existence of a factual basis from sources other than the defendant, by contrast, creates a procedure in harmony with V.R.Cr.P. 43.
¶ 51. I agree with the majority that confusion exists concerning "substantial compliance" in the context of Rule 11(f) and that the concept of "substantial compliance" makes little sense in the context of Rule 11(f). There is either a factual basis for a defendant's guilty plea, from whatever sources, or there is not.[16] We have held *510 so in our prior cases. See, e.g., In re Miller, 2009 VT 36, ¶ 11, 185 Vt. 550, 975 A.2d 1226 ("The requirement that the record affirmatively show facts to satisfy each element of the offense is ... absolute."); In re Stocks, 2014 VT 27, ¶ 21, 196 Vt. 160, 94 A.3d 1143 (quoting In re Miller, 2009 VT 36, ¶ 11, 185 Vt. 550, 975 A.2d 1226 ); In re Manning, 2016 VT 53, ¶ 18, 202 Vt. 111, 147 A.3d 645 (quoting In re Miller, 2009 VT 36, ¶ 11, 185 Vt. 550, 975 A.2d 1226 ); see also Tunning, 69 F.3d at 111 (recognizing that "while the exact method of producing a factual basis on the record is subject to a flexible standard of review, the need to have some factual basis will continue to be a rule subject to no exceptions" (quotation and alteration omitted)). But see State v. Riefenstahl, 172 Vt. 597, 599, 779 A.2d 675, 678 (2001) (mem.) (finding substantial compliance with Rule 11, including Rule 11(f) ); Pardue v. State, 363 Ark. 567, 215 S.W.3d 650, 656 (2005) (recognizing under similar rule that substantial compliance with factual-basis requirement will suffice, and explaining that "requirement of a factual basis for a plea does not require that the appellant be proven guilty, but merely that there was sufficient evidence from which the trial court could conclude that the appellant would be found guilty, if he elected to proceed to trial.").
¶ 52. Although actual compliance with Rule 11(f) is required, there is no set method by which the trial court must satisfy itself that there is a factual basis for the charge. The rule "leaves to the judge the standard of probability of guilt to be applied, as well as the nature and depth of the inquiry." Reporter's Notes, V.R.Cr.P. 11 (citing ABA Minimum Standards § 1.6, Commentary); ABA Standards for Criminal Justice: Pleas of Guilty § 14-1.6, Commentary ("No attempt is made, in this standard, to specify a particular level of probable guilt for the factual basis inquiry. The matter is left largely to the discretion of the judge, as the circumstances of the case will dictate both the degree and kind of inquiry that is necessary."); see also In re Stocks, 2014 VT 27, ¶ 15, 196 Vt. 160, 94 A.3d 1143 (recognizing that there is no "particular formula for determining that there is a factual basis for the plea"); Whitney, 156 Vt. at 303, 591 A.2d at 389 ("For the Rule 11(f) inquiry, 'no mechanical rules can be stated, and the more complex or doubtful the situation ..., the more searching will be the inquiry dictated by a sound judgment and discretion.' " (citation omitted)); United States v. Delgado-Hernandez, 420 F.3d 16, 27 (1st Cir. 2005) ("When determining whether a sufficient factual basis exists to support a guilty plea, the question before the court is not whether a jury would, or even would be likely, to convict: it is whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence." (quotation omitted)).
*511 ¶ 53. As is evident throughout our Rule 11 cases and those of the federal courts, " Rule 11 mandates no precise language or magic words; rather, it mandates an outcome." In re Brown, 2015 VT 107, ¶ 15, 200 Vt. 116, 129 A.3d 102 (citing McCarthy, 394 U.S. at 465, 89 S.Ct. 1166 ). "We have always required a practical and functional application of V.R.Cr.P. 11 -not as a technical formula, but rather as a guideline to insure fairness to a defendant in the taking of a plea." State v. Cleary, 2003 VT 9, ¶ 32, 175 Vt. 142, 824 A.2d 509 (quotation and alteration omitted). The rule "was not intended to strait-jacket judges so as to prevent them from taking into account defendants' individual circumstances and limitations when trying to assure that their constitutional rights are protected." Id. As we warned in Cleary, "[i]f it reaches the point where it does so, it will be at cross-purposes with its original intent and will have outlived its usefulness." Id.
¶ 54. With these principles in mind, it is evident that petitioner's argument in this case must fail. According to petitioner, the court could not find a factual basis for his guilty plea despite his agreement, on the record, that a factual basis existed. Petitioner's admission rested on facts outlined in law enforcement affidavits. We have specifically recognized that an affidavit may provide a sufficient factual basis for a plea of guilty if the court engages in "a confirming colloquy with the defendant." Yates, 169 Vt. at 27, 726 A.2d at 487. In addition to Yates, we have specifically held in other cases that a defendant's stipulation to the factual basis for the charge based on a police officer's affidavit complied with Rule 11(f). See Cleary, 2003 VT 9, ¶¶ 29-30, 175 Vt. 142, 824 A.2d 509 (finding substantial compliance with Rule 11 where court asked defendant if he agreed that affidavit of investigating officer accurately stated what happened and defendant's attorney stated that "defendant would agree only that there was an attempted sexual assault, not a completed one as suggested in the affidavit," concluding that "the factual basis was in effect stipulated to and admitted by defendant"); Riefenstahl, 172 Vt. at 599, 779 A.2d at 678 (concluding that Rule 11 was satisfied where court asked defense counsel if it could use affidavit of probable cause as factual basis for plea, and defense counsel responded "yes"); see also ABA Standards § 14-1.6 (recognizing that appropriate method for establishing factual basis for plea includes accepting parties' stipulation on a set of facts). That is precisely what happened here.
¶ 55. Contrary to petitioner's suggestion, we did not hold in Yates that a court must read any affidavits into the record, or that a defendant must orally admit each specific fact contained in an affidavit. This would elevate form over substance, requiring the type of "magic words" that we have steadfastly rejected in the Rule 11 context. In re Brown, 2015 VT 107, ¶ 15, 200 Vt. 116, 129 A.3d 102. This was a plea agreement negotiated between the State and petitioner with the participation of petitioner's attorney; seventeen additional charges against petitioner were dismissed pursuant to the agreement. See Broadie v. State, 68 Wis.2d 420, 228 N.W.2d 687, 689 (1975) ("Where [,] as here, the guilty plea is pursuant to a plea bargain, the court need not go to the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea."). The troopers' affidavits are part of the record. The affidavits contain, among other information, petitioner's detailed confession to the crimes. Petitioner expressed no confusion as to which law enforcement affidavits were being referenced. He engaged in a "confirming colloquy" with the judge as stated in Yates. He admitted, based on the police affidavits, that there was a factual *512 basis for his plea. Cf. Stocks, 2014 VT 27, ¶ 18, 196 Vt. 160, 94 A.3d 1143 (concluding that Rule 11(f) not satisfied where petitioner acknowledged only that he understood State's allegations reflected in the charges against him, but never affirmed that they were true). Now, almost ten years after the fact, petitioner questions whether the court could find a "factual basis" for his pleas.
¶ 56. Petitioner's belated argument is further belied by the fact that he signed a written waiver of his rights in which he acknowledged, among other things, that he was "aware of the evidence to support the charge and any defenses which might be available to [him]." He expressed his understanding that "by pleading GUILTY, [he] admit[ted] the essential part of the offense with which [he] ha[d] been charged." He "ask[ed] the Court to accept [his] plea, making no claim of innocence." The court could rely on this document as additional support for its conclusion that a factual basis existed for petitioner's guilty pleas. I would overrule Manosh, 2014 VT 95, ¶ 23, 197 Vt. 424, 108 A.3d 212, to the extent it holds to the contrary.[17] We should not be endorsing an interpretation of the rule that essentially requires a trial court to ignore a defendant's express written acknowledgment that he understands the charges, that he has reviewed the nature of the evidence against him, and that he expressly acknowledges that there was a factual basis for the plea, particularly when these sentiments are confirmed on the record. These types of absurd results undermine public confidence in the Judiciary.
¶ 57. I emphasize, moreover, that it is the court, not the defendant, which must be satisfied under V.R.Cr.P. 11(f) that a factual basis exists for the pleas. See, e.g., 5 W. LaFave, et al., Crim. Procedure § 21.4(f) (4th ed.) (explaining that purpose of factual basis provision is for judge, who receives a plea of guilty "to make a determination regarding the accuracy of the plea"); cf. ante ¶ 24 (concluding that evidence fails to show that "petitioner understood the law underlying each charge in relation to the facts" (emphasis added)). There is no showing, on this record, that the court failed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." McCarthy, 394 U.S. at 467, 89 S.Ct. 1166 (quotation omitted). There is ample evidence here to show that petitioner's admitted conduct constitutes the crime of burglary, and the court properly satisfied itself that there was a factual basis for petitioner's guilty pleas. Under the circumstances described above, moreover, it strains credulity that petitioner did not know precisely the crimes to which he was pleading guilty and the facts that supported those charges, a large portion of which consisted of his prior admissions of guilt to law enforcement officials.
¶ 58. Whatever our Rule 11(f) jurisprudence might be, it should not become an avenue where a defendant makes a plea *513 agreement, receives the benefit of the State's dismissal of some or many charges, and then years later claims he did not understand the factual basis for the charges to which he pleaded guilty. This deprives the State, if for no other reason than the passage of time, of a fair opportunity to litigate claims previously dismissed pursuant to a later-challenged plea agreement. It upsets the finality of decisions. This is particularly true in the PCR context, as the only time limit imposed on such requests is that the petitioner be "[a] prisoner who is in custody under sentence of a court." 13 V.S.A. § 7131. If we allow such challenges many years after the initial plea, fairness to the trial court dictates we should apply the law concerning the ascertainment of a factual basis as it existed at the time of the plea, not under the latest iteration of our Rule 11(f) jurisprudence.
¶ 59. Our case law concerning Rule 11(f), as set forth above, has been contradictory to this point. The concurrence acknowledges this. Ante, ¶ 29. The majority's insistence that our case law has been consistent "with few exceptions" does not render it so. At the time that the plea was taken here, the trial court could have relied on our holding in Yates that "an affidavit may be a source of facts to support the plea," and that petitioner's admission that these affidavits provided a factual basis satisfied the rule. 169 Vt. at 27, 726 A.2d at 488. It could have relied on Cleary, 2003 VT 9, ¶ 29, 175 Vt. 142, 824 A.2d 509, where we found a sufficient factual basis based on the admission of defendant's attorney, which in turn rested on a portion of a police officer's affidavit, or on Riefenstahl, 172 Vt. at 599, 779 A.2d at 678, where we found a sufficient factual basis based on defense counsel's agreement that the affidavit of probable cause provided a factual basis for the plea. It could have relied on Dunham, 144 Vt. at 450, 479 A.2d at 148, and concluded that the record showed sufficient facts to satisfy each element of the offense. It could have relied on the plain language of the rule itself, or looked to the Reporter's Notes to our rule, which specifically provide that the court can look to a variety of sources in determining the existence of a factual basis. It might have consulted various treatises interpreting the analogous federal rule. Its colloquy was consistent with all of these sources.
¶ 60. The trial court could not, however, have relied on Stocks, and subsequent case law, which came well after the plea was accepted here. The majority has not explicitly considered the question of whether its decision should be retroactively applied, nor has it grappled with the decision's far-reaching implications. I expect we will soon see a spate of collateral challenges to very old criminal convictions on "factual basis" grounds, relying on Stocks, 2014 VT 27, 196 Vt. 160, 94 A.3d 1143, and the majority opinion here. The State's ability to successfully prosecute those cases again, many years after the initial conviction on a guilty plea, will be seriously compromised. There is no sound reason for this result, which I strongly believe we will soon come to regret. In my view, the finality of criminal convictions and public confidence in the criminal justice system itself are undermined by the majority's approach, however well-intentioned that approach might be.
¶ 61. Lastly, even if we ignore the question of retroactivity, the appropriate remedy here should not be a remand to allow petitioner to withdraw his guilty pleas. Instead, if, as the majority concludes, "the record does not include sufficient information from which the district court could find a factual basis for the guilty plea, the appropriate remedy is to remand to the [trial] court for further proceedings to create the appropriate record." Tunning, 69 F.3d at 115. That is because " Rule 11(f) establishes a requirement for the [trial] court, that is, it must satisfy itself that a *514 sufficient factual basis exists." Id. (emphasis added). "Where ... the record is not one upon which the [trial] court could have satisfied itself, then the appropriate remedy is to remand the case with instructions to further develop the record." Id.; see also State v. Schminkey, 597 N.W.2d 785, 792 (Iowa 1999) (explaining that where "it is possible that a factual basis could be shown," appropriate remedy is "merely to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis."). At the very least, because the majority remands this case to allow petitioner to withdraw his pleas, it should be clear the State is under no obligation to honor any previously negotiated agreement and that the State may now chose to prosecute all charges that were dismissed pursuant to the plea agreement. If the pleas are withdrawn, so is the agreement which led to them.
¶ 62. The strong dissent in Manosh emphasized that we must continue to embrace "a practical and functional application" of Rule 11's requirements, rather than "a mechanical approach." 2014 VT 95, ¶ 25, 197 Vt. 424, 108 A.3d 212 (Skoglund, J., dissenting) (quotation omitted). I agree wholeheartedly. It remains true that "matters of reality, and not mere ritual, should be controlling." Id. ¶ 32 (Skoglund, J., dissenting) (quotation omitted). Unfortunately, I believe ritual has prevailed over reality in this instance. As set forth above, petitioner fails to show any "fundamental errors" that rendered his convictions defective, and thus, there are no grounds to vacate his guilty pleas. I would affirm the trial court's decision.
¶ 63. I am authorized to state that Chief Justice Reiber joins this dissent.

The majority does not address the U.S. Supreme Court holding in North Carolina v. Alford that a guilty plea may be voluntary even in the face of a defendant's refusal to admit the underlying facts. See North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ( "An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."). Although decided on constitutional grounds and not under Rule 11(f), Alford instructs that a guilty plea may be voluntary even in the face of a refusal to admit to the underlying facts.

See Teague v. Lane, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (holding, in context of collateral challenges to criminal convictions, that "new constitutional rules of criminal procedure [announced in case law] will not be applicable to those cases which have become final before the new rules are announced," and identifying policy reasons supporting rule); State v. White, 2007 VT 113, ¶ 11, 182 Vt. 510, 944 A.2d 203 (addressing retroactivity of Court's decision in collateral attack on criminal conviction and finding Vermont's test in harmony with federal test announced in Teague ). As we stated in White, "[t]o ensure some finality in criminal cases, we typically apply such new [constitutional] rules retroactively only to cases on direct review, rather than allow endless collateral attacks on convictions or sentences as new rules emerge, despite courts' compliance with the constitutional standards of the day." Id. ¶ 9 (emphasis added). Absent justification for a contrary conclusion, we should follow that rule here.

In 2002, the language of Federal Rule 11 was "amended and reorganized as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules." See Advisory Committee Notes-2002 Amendment, F.R.Cr.P. 11. What had been Rule 11(f) became Rule 11(b)(3), which now provides: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." As the Advisory Committee Notes make clear, this change was "intended to be stylistic only." Advisory Committee Notes-2002 Amendment, F.R.Cr.P. 11.

We have previously recognized that the trial court can consult various sources in ascertaining a factual basis. Thus, in State v. Whitney, 156 Vt. 301, 302, 591 A.2d 388, 389 (1991), we recognized that "[w]hile it is the better practice for the court, when considering whether to accept a guilty plea, to explain to the defendant the elements of the offense and the factual allegations[,] ... this is not a per se rule." Quoting McCarthy, 394 U.S. at 467 n.20, 89 S.Ct. 1166, we explained that the Rule 11 inquiry " 'must necessarily vary from case to case,' " and that the U.S. Supreme Court did " 'not establish any general guidelines other than those expressed in the Rule itself.' " Whitney, 156 Vt. at 302-03, 591 A.2d at 389.
In Whitney, we concluded that the trial court had properly "satisfied itself that there was a factual basis for the plea by examining the affidavit of the arresting officer," which had been supplied to the defendant. Id. at 303, 591 A.2d at 389. In Yates, however, this Court "clarif[ied] that Whitney stands only for the proposition that an affidavit may be a source of facts to support the plea, but that the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis."169 Vt. at 27, 726 A.2d at 488. As support, we cited McCarthy and V.R.Cr.P. 11(g), which requires "[a] verbatim record of the proceedings, ... [including] the inquiry into the accuracy of a guilty plea." Rule 11(g), like the remainder of V.R.Cr.P. 11, is based on the federal rule. See Reporter's Notes, V.R.Cr.P. 11. Federal courts and the treatises cited above do not construe Rule 11(g) as imposing a requirement that Rule 11(f) can be met only through a personal colloquy with the defendant. Cf. ante, ¶ 23 (concluding that Rule 11(g) would be rendered superfluous if personal colloquy with defendant was not required under Rule 11(f) ).

At the time McCarthy was decided, Rule 11 provided:
A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.
Quoted in McCarthy, 394 U.S. at 462 n.4, 89 S.Ct. 1166. Prior to its amendment in 1966, Rule 11 provided:
A defendant may plead not guilty, guilty or, with the consent of the court, nolo contedere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.
Quoted in E. Brand, "Revised Federal Rule 11: Tighter Guidelines for Pleas in Criminal Cases," 44 Fordham L. Rev. 1010, 1010 n.6 (1976).

This would seem to conflict with the Supreme Court's holding in Alford.

The majority also asserts that "[a]bsent strict application of the Rule 11(f) requirement, there would be no portion of a Rule 11 colloquy to satisfy the court that the guilty plea is factually supported." Ante, ¶ 23. Why would this be so? The court must develop a factual basis on the record and it can do so through a variety of sources. It is not clear why a "strict application" of Rule 11(f) would impose a personal-colloquy requirement in any event given that that requirement is not in the text of the rule itself.

Indeed, Rule 11(c) and (d) were expressly amended in 2013
to clarify that in misdemeanor cases, consistent with the provisions of Rule 43, the court may accept a plea of guilty or nolo contendere and find that such a plea is knowing and voluntary, without a colloquy in open court, upon submission of a plea by a defendant given in writing, upon a written waiver form which acknowledges understanding and voluntary waiver of all advisements and rights that are the subject of colloquy prescribed by Rules 11(c) and (d).... Pleas by waiver pursuant to plea agreement in certain misdemeanor cases have long been accepted in misdemeanor cases, and the amendment serves to clarify the practice. In each case, the judge must also find in writing that the plea is knowing and voluntary and with adequate factual basis.
Reporter's Notes-2013 Amendment, V.R.Cr.P. 11.

V.R.Cr.P. 11(f) does not require the establishment of a factual basis for a plea of nolo contendere. See generally 1A C. Wright, et al., Fed. Prac. & Proc. Crim. § 179 (4th ed.) (stating that "factual basis" requirement is only provision that applies to pleas of guilty but not to pleas of nolo contendere, and "[t]his is because a plea of nolo contendere may be accepted from a defendant who is wholly innocent but who does not wish to contest the charge"). "Implicit in the nolo contendere cases is a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." Alford, 400 U.S. at 36, 91 S.Ct. 160. The majority does not address why its standard for establishing a factual basis through a colloquy with the defendant as part of ensuring voluntariness is required for guilty pleas but is not required for nolo pleas, where the end result of each is a conviction.
As the concurrence points out, moreover, the majority's holding now apparently prohibits the entry of Alford pleas, which, rare as they might be, we have previously accepted and which the U.S. Supreme Court finds constitutionally acceptable.

In In re Manosh, 2014 VT 95, ¶ 23, 197 Vt. 424, 108 A.3d 212, we overruled Morrissette"[t]o the extent that we suggested ... that a waiver-of-rights form signed by a defendant can substitute for the court's personally addressing a defendant in open court for the purposes of Rule 11(c), (d) or (f), or that a defendant's one-word acknowledgement of signing and understanding the waiver form is a sufficient basis for the court's conclusion that the plea is knowing and voluntarily made." We found this approach "inconsistent with the requirements of Rule 11 and our more recent case law." Id. As indicated above, however, this standard is inconsistent with the standard under the federal rule on which our rule is based. Rule 11(f) does not require the court to personally address the defendant to satisfy itself that there is a factual basis for the plea.